Submitting Counsel on Signature Page

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| In re LIDODERM ANTIRUST LITIGATION | MDL Docket No. 14-md-02521-WHO |
|---|---|
| THIS DOCUMENT RELATES TO ALL CASES | **STIPULATED PROTECTIVE ORDER [Proposed]** |

Disclosure and discovery activity in the actions consolidated for pretrial purposes under this Master File are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.  The parties further acknowledge, as set forth in Section 7, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the Court to file material under seal.

1.      **SCOPE OF PROTECTIVE ORDER**

1.1      This Protective Order shall apply to all documents, things, or information subject to discovery in these actions that is owned, possessed, or controlled by a party or a non-party and that contains the party's or non-party's trade secrets or other confidential research, development or commercial information in accordance with Fed. R. Civ. P. 26(c)(1), or other information required by law or agreement to be kept confidential ("Confidential Discovery Material").  Notwithstanding the scope of this Protective Order, the parties recognize that use of Confidential Discovery Material at trial is an issue to be discussed in advance of and addressed as appropriate in the proposed Joint Pretrial Order.

2.      **CONFIDENTIALITY DESIGNATIONS (TWO-TIER)**

2.1      Each party and any non-party shall have the right to designate any Confidential Discovery Material as confidential and subject to this Protective Order, by marking such Material as either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."  It shall be the duty of the party or non-party who seeks to invoke protection under this Protective Order ("Producing Party") to give notice, as set forth below, of the Confidential Discovery Material designated to be covered by this protective Order ("Designated [CONFIDENTIAL or HIGHLY CONFIDENTIAL]

1

Material").  The duty of the parties and of all other persons bound by this Protective Order to maintain the confidentiality of Confidential Discovery Material so designated ("Receiving Party") shall commence with such notice.

2.2    Under this Protective Order, Confidential Discovery Material shall be marked "CONFIDENTIAL" if, and only if, the Producing Party in good faith considers the Discovery Material to be, reflect or reveal a trade secret or other confidential research, development or commercial information in accordance with Fed. R. Civ. P. 26(c)(1), or other information required by law or agreement to be kept confidential.

2.3    Under this Protective Order, Confidential Discovery Materials can be designated as "HIGHLY CONFIDENTIAL" Material if the Confidential Discovery Material is "CONFIDENTIAL" as set forth in Paragraph 2.2 above and constitutes or reflects trade secrets or other proprietary information; confidential research, development, testing and studies relating to drug products; and/or sensitive financial or strategic commercial information, where the disclosure of the information is likely to cause harm to the competitive position of the Producing Party.

2.4    CONFIDENTIAL or HIGHLY CONFIDENTIAL Material, respectively, shall include: (a) all copies, extracts, and complete or partial summaries prepared from such CONFIDENTIAL or HIGHLY CONFIDENTIAL Material; (b) portions of deposition transcripts and exhibits thereto that contain, summarize, or reflect the content of any such CONFIDENTIAL or HIGHLY CONFIDENTIAL Material; (c) portions of briefs, memoranda, or any other writings filed with the Court and exhibits thereto that contain, summarize, or reflect the content of any such CONFIDENTIAL or HIGHLY CONFIDENTIAL Material; (d) written discovery responses and answers that contain, summarize, or reflect the content of any such CONFIDENTIAL or HIGHLY CONFIDENTIAL Material; and (e) deposition testimony designated in accordance with the paragraphs below.

2.5    CONFIDENTIAL and HIGHLY CONFIDENTIAL Material shall not include any discovery material which:

1     a. is in the public domain at the time of disclosure;

2     b. becomes part of the public domain through no fault of a Receiving Party or

3       third parties who are not in breach of any obligations to the Producing

4       Party;

5     c. is information the Receiving Party can show was in its possession prior to

6       the time of disclosure; or

7     d. is information the Receiving Party receives at a later date from a third party

8       properly and rightfully in possession of said information, and not as a result

9       of any breach of confidentiality, and properly and rightfully authorized to

10      make disclosure without restriction as to disclosure.

**3. DESIGNATING MATERIALS AS "CONFIDENTIAL" AND/OR "HIGHLY CONFIDENTIAL"**

   3.1 The designation of information as CONFIDENTIAL and/or HIGHLY CONFIDENTIAL Material for purposes of this Order shall be made in the following manner:

     a. with regard to written material (including transcripts of depositions or other testimony), a legend shall be affixed to each page substantially in the form, "CONFIDENTIAL — Subject to Protective Order" or "HIGHLY CONFIDENTIAL — Subject to Protective Order"; and

     b. with regard to non-written material, such as recordings, magnetic media, photographs and things, a legend substantially in the above form shall be affixed to the material, or a container for it, in any suitable manner.

     c. A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, and until and unless produced without any confidentiality designation, all of the material made available for inspection shall be deemed to be HIGHLY

1      CONFIDENTIAL Material.  After the inspecting Party has identified the

2      documents it wants copied and produced, the Producing Party shall affix

3      the appropriate legend on each page that contains Confidential Discovery

4      Material.

5          d.      Any party may designate any or all portions of depositions taken in these

6      actions as CONFIDENTIAL and/or HIGHLY CONFIDENTIAL Material

7      either (1) by making a statement on the record at the deposition, or (2) by

8      serving notice in writing to counsel of record within thirty (30) days of

9      receiving the transcript of the deposition.  Only those portions of a

10     deposition that actually contain CONFIDENTIAL and/or HIGHLY

11     CONFIDENTIAL Material may be so designated.  All deposition

12     transcripts will be treated as HIGHLY CONFIDENTIAL Material until a

13     party designates any or all portions of the transcript as CONFIDENTIAL

14     and/or HIGHLY CONFIDENTIAL Material or until thirty (30) days after

15     receipt of the transcript, whichever is earlier.  If a designation is made, the

16     CONFIDENTIAL and/or HIGHLY CONFIDENTIAL portions and

17     exhibits, if filed with the Court, shall be subject to the filing requirements

18     set forth in Paragraph 7 below.  If any depositions are videotaped or

19     digitally recorded, those portions of the videotape or recording

20     corresponding to portions of the deposition transcript designated as

21     CONFIDENTIAL or HIGHLY CONFIDENTIAL shall be afforded the

22     same status.

23     3.2     Notwithstanding the obligation to timely designate CONFIDENTIAL and/or

24  HIGHLY CONFIDENTIAL Material under the foregoing paragraphs 3.1(a)-(d), the inadvertent

25  or unintentional failure to designate specific Confidential Discovery Material as

26  CONFIDENTIAL and/or HIGHLY CONFIDENTIAL Material shall not be deemed a waiver in

27  whole or in part of the claim of confidentiality.  Upon prompt notice from the Producing Party of

28

4

1  such failure to designate, all Receiving Parties shall cooperate to restore the confidentiality of the

2  inadvertently or unintentionally disclosed Confidential Discovery Material.  No party shall be

3  held in breach of this Order if, prior to notification of such later -designation, such Confidential

4  Discovery Material had been disclosed or used in a manner inconsistent with such later

5  designation.  The Producing Party shall provide substitute copies of the Discovery Material

6  bearing the corrected designation.  The Receiving Party shall return or certify the destruction of

7  the undesignated Confidential Discovery Material.

8  **4.**     **DISCLOSURE AND USE OF CONFIDENTIAL DISCOVERY MATERIAL**

9       4.1     Absent an agreement of the Producing Party or an Order to the contrary by this

10  Court or other court of competent jurisdiction, and except as provided in Paragraph 4.4 below,

11  each party and all other persons bound by the terms of this Protective Order shall use any material

12  designated as CONFIDENTIAL and/or HIGHLY CONFIDENTIAL Material by a party or non-

13  party other than itself solely for purposes of these actions, and such Material shall not be used for

14  any other purpose, including, without limitation, any business or commercial purpose.  The

15  attorneys of record for the parties shall exercise reasonable care to ensure that the information and

16  documents governed by this Protective Order are (a) used only for the purpose specified herein,

17  and (b) disclosed only to authorized persons.

18       4.2     Subject to Paragraphs 4.4-5.4, CONFIDENTIAL Material may be disclosed,

19  summarized, described, revealed or otherwise made available in whole or in part only in

20  accordance with the terms of this Order and only to the following persons:

21           a.    any employee of a Party who is required in good faith to provide material

22                 assistance in the conduct of the litigation of these actions, and who

23                 executes a copy of the Undertaking attached hereto as Exhibit A.  If a

24                 Producing Party objects to the disclosure of CONFIDENTIAL material to

25                 any such employee, the designated employee may not view that producing

26                 party's CONFIDENTIAL Material, provided that the designating party

27

28

1                may seek relief from the Court following a good faith meet and confer

2                effort with the Producing Party to resolve the objection.

3       b.      Parties' internal counsel, and their legal, investigative, technical,

4                administrative and other support staff, engaged in the conduct of these

5                actions;

6       c.      outside counsel for the Parties in these actions or other counsel who have

7                entered an appearance in these actions, their respective legal, investigative,

8                technical, administrative and other support staff, engaged in the conduct of

9                these actions on behalf of named Parties;

10      d.      this Court, or any other court exercising jurisdiction with respect to these

11               actions, any appellate court(s), court personnel, jurors, alternate jurors, and

12               qualified persons (including necessary clerical personnel) recording, taking

13               or transcribing testimony or argument at any deposition, hearing, trial or

14               appeal in these actions;

15      e.      any person designated by the Court upon such terms as the Court may

16               deem proper;

17      f.      outside experts and consultants in the fields of marketing, development,

18               and/or approval of pharmaceutical products and their staff retained to

19               assist the parties in the conduct of these actions, subject to the provisions

20               of Paragraph 5.2 and so long as such person has executed a copy of the

21               Undertaking attached as Exhibit A;

22      g.      outside experts and consultants in any other field (e.g., economic experts

23               and trial consultants) and their staff retained to assist the parties in the

24               conduct of these actions, so long as such person has executed a copy of the

25               Undertaking attached as Exhibit A;

26      h.      persons or entities that provide litigation support services (*e.g.*,

27               photocopying; videotaping; translating; preparing exhibits or

28

1    demonstrations; organizing, storing, retrieving data in any form or medium;

2    etc.) and their employees and subcontractors, including any assistants

3    and/or mock jurors that professional jury or trial consultants may employ,

4    retained by outside counsel for a Party to whom it is reasonably necessary

5    to disclose the information for these actions and who will maintain the

6    confidentiality of such Confidential Discovery Material;

7    i.    witnesses or potential witnesses in these actions and their counsel, as

8    permitted pursuant to the provisions of Paragraphs 6.1-6.3;

9    j.    court reporters, videographers and translators; and

10    k.    others as to whom the Producing Party has given written consent.

11    4.3    Subject to Paragraphs 4.4-5.4, HIGHLY CONFIDENTIAL Material may be

12    disclosed, summarized, described, revealed or otherwise made available in whole or in part only

13    in accordance with the terms of this Order, and only to the following persons:

14    a.    Parties' internal counsel, and their legal, investigative, technical,

15    administrative and other support staff, engaged in the conduct of these

16    actions;

17    b.    outside counsel for the Parties in these actions or other outside counsel who

18    have entered an appearance in these actions and regular and temporary staff

19    of such counsel to the extent necessary to assist such counsel in the conduct

20    of these actions;

21    c.    outside experts and consultants in the fields of marketing, development,

22    and/or approval of pharmaceutical products and their staff retained to

23    assist the parties in the conduct of these actions, subject to the provisions

24    of Paragraph 5.2 and so long as such person has executed a copy of the

25    Undertaking attached as Exhibit A;

26    d.    outside experts and consultants in any other field (e.g., economic experts

27    and trial consultants) and their staff retained to assist the parties in the

28

conduct of these actions, so long as such person has executed a copy of the Undertaking attached as Exhibit A;

e.  persons or entities that provide litigation support services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors, including any assistants and/or mock jurors that professional jury or trial consultants may employ, retained by outside counsel for a Party to whom it is reasonably necessary to disclose the information for these actions and who will maintain the confidentiality of such Confidential Discovery Material;

f.  witnesses or potential witnesses in these actions and their counsel, as permitted pursuant to the provisions of Paragraphs 6.1-6.3;

g.  the Court and its employees and the jury;

h.  court reporters, videographers and translators; and

i.  others as to whom the Producing Party has given written consent.

The parties anticipate that there may be a need for additional confidentiality protection for a limited number of HIGHLY CONFIDENTIAL materials that contain highly sensitive, forward-looking business information.  Such material may be designated as "OUTSIDE COUNSEL EYES ONLY," and may not be shown to parties' internal counsel notwithstanding Paragraph 4.3.a. above, but may be shown to all remaining parties identified in Paragraph 4.3 subject to the terms and conditions herein.

4.4  Irrespective of whether an individual has executed the CONFIDENTIAL or HIGHLY CONFIDENTIAL Undertaking, this Order shall not apply to and, thus, does not restrict any party's use, for any purpose, of (1) its own CONFIDENTIAL and/or HIGHLY CONFIDENTIAL Material, or (2) any documents, things, information or other material that, at the time of disclosure in these actions, is publicly known through no unauthorized act of such party or was lawfully developed or obtained independent of discovery in these actions.

Moreover, this Order shall not apply to and does not restrict any individual from reviewing or seeing any document generated or received by that individual or communicated to or known to that individual, and does not restrict any individual from reviewing or seeing any document containing information believed in good faith to be known to the individual.  Notwithstanding the foregoing, any portions of the CONFIDENTIAL and/or HIGHLY CONFIDENTIAL Material that, on its face, was not communicated to or known to the individual shall be redacted before showing the document to the individual.  Nothing in this Paragraph is intended to, or does, preclude a Party from taking action under Paragraph 10.3 below due to the conduct described in this Paragraph.

4.5     This Order shall not restrict any attorney who is a qualified recipient under the terms of Paragraphs 4.2(b)-(c) and 4.3(a) from rendering advice to his or her client that is a Party with respect to these actions, and in the course thereof, from generally relying upon his or her examination of CONFIDENTIAL and/or HIGHLY CONFIDENTIAL Material.  In rendering such advice or in otherwise communicating with the client, the attorney shall not disclose directly or indirectly the specific content of any CONFIDENTIAL and/or HIGHLY CONFIDENTIAL Material of another Party or non-party where such disclosure would not otherwise be permitted under the terms of this Order.

4.6     If a party is served with a subpoena, discovery request in another action, or any other request seeking by legal process the production of documents, things, information or other material produced to it and designated as CONFIDENTIAL and/or HIGHLY CONFIDENTIAL Material in these actions, such party shall notify promptly the Producing Party so as to provide the Producing Party a reasonable opportunity to object to the production.

## 5.    PROCEDURES FOR DISCLOSURE OF "CONFIDENTIAL" AND "HIGHLY CONFIDENTIAL" INFORMATION

5.1     Every person to whom CONFIDENTIAL and/or HIGHLY CONFIDENTIAL Material or information contained therein is to be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part, first shall be

advised that the material or information is being disclosed pursuant and subject to the terms of this Order.

5.2     Furthermore, regarding those qualified recipients under the terms of Paragraphs 4.2(f) and 4.3(c)to whom disclosure of CONFIDENTIAL and/or HIGHLY CONFIDENTIAL Material is sought, the Party seeking to disclose such Material shall give notice to the Producing Party as follows:  Counsel for the Party seeking to make the disclosure shall provide written notice by electronic mail to counsel for the Producing Party, and all other Parties to these actions, that (1) sets forth the full name of the expert and the city and state of his or her primary residence, (2) attaches a copy of the expert's current resume, (3) identifies the expert's current employer(s), (4) identifies (by name and number of the case and location of court) any litigation in connection with which the individual has testified as an expert during the preceding four years, and (5) attaches an executed copy of the Undertaking attached hereto as Exhibit A.  Counsel for the Party seeking to disclose such Material need not specifically identify the Designated CONFIDENTIAL or HIGHLY CONFIDENTIAL Material intended to be disclosed.

5.3     The Producing Party shall have seven (7) days after receiving notification pursuant to Paragraphs 5.2 within which to object to the proposed disclosure, as provided below; such disclosure shall not occur before the time for any objection by the Producing Party expires, and, if any such objection is made, before that objection is resolved, as provided below.  Any such objection shall be made in writing by electronic mail to the counsel for the Party seeking to make the disclosure, and all other Parties to these actions.  Failure to object within the time period set forth above shall be deemed consent.

5.4     Within seven (7) days of receipt of an objection, the Parties shall meet and confer to attempt to resolve their dispute.  If the objection cannot be resolved by the Parties, the Party making the objection has ten (10) days to seek relief from the Court.  If the Party making the objection seeks such relief from the Court, the intended disclosure shall not be made unless and until the Court enters an order authorizing such disclosure.  The Party making the objection shall have the burden of proof that the intended disclosure should not occur.  To discourage

1   unwarranted objections and motions practice, a moving party whose objection is overruled shall

2   pay expenses, including reasonable attorney fees, to the Party seeking to disclose the Material.

3   **6.     EXAMINATION OF WITNESSES**

4       6.1     Any inventor or current employee of a Party may be examined at trial or upon

5   deposition concerning any CONFIDENTIAL and/or HIGHLY CONFIDENTIAL Material of

6   such Party.

7       6.2     Any expert witness may be examined at trial or upon deposition concerning any

8   CONFIDENTIAL and/or HIGHLY CONFIDENTIAL Material.

9       6.3     Any other person may be examined as a witness at trial or upon deposition

10  concerning any CONFIDENTIAL and/or HIGHLY CONFIDENTIAL Material which that person

11  had lawfully generated, received or which was previously communicated to or known to that

12  witness.  During examination or preparation therefor, any such witness may be shown

13  CONFIDENTIAL and/or HIGHLY CONFIDENTIAL Material which appears on its face or from

14  other documents or testimony to have been generated or received by that witness or

15  communicated to or known to that witness or which contains information believed in good faith

16  to be known to the individual.  Any portions of the CONFIDENTIAL and/or HIGHLY

17  CONFIDENTIAL Material that, on its face, was not communicated to or known to the witness

18  shall be redacted before showing the document to the witness.

19  **7.     FILING PROTECTED MATERIAL**

20      Without written permission from the Producing Party or a Court order secured after

21  appropriate notice to all interested persons, a Party may not file in the public record in this action

22  any Confidential Discovery Material.  A Party that seeks to file under seal any Confidential

23  Discovery Material must comply with Civil Local Rule 79-5.

24  **8.     INADVERTENT PRODUCTION OF PRIVILEGED MATERIAL**

25      8.1     If information subject to a claim of attorney-client privilege, work product

26  immunity, or any other applicable privilege or immunity is produced inadvertently, the Parties

27  shall comply with Fed. R. Civ. P. 26(b)(5)(B).

28

**9.     OBLIGATIONS OF OUTSIDE COUNSEL**

9.1     It shall be the responsibility of outside counsel to ensure strict compliance with the provisions of this Protective Order in their dealings with CONFIDENTIAL and/or HIGHLY CONFIDENTIAL Material, and it shall be the responsibility of outside counsel to take reasonable and proper steps to ensure that this Protective Order and all provisions thereof are made known to any person who shall examine CONFIDENTIAL and/or HIGHLY CONFIDENTIAL Material as provided herein.  All persons responsible for determining that materials contain CONFIDENTIAL and/or HIGHLY CONFIDENTIAL Material shall be familiar with this Protective Order and the scope of its protection.  All CONFIDENTIAL and/or HIGHLY CONFIDENTIAL Material including any and all copies thereof shall be kept by the Receiving Party in a place appropriately safe, given its status.

**10.     OTHER**

10.1     <u>Conclusion of the Action</u>: Within sixty (60) days after entry of a final judgment or dismissal with prejudice in these actions (including appeals or petitions for review) or the execution of a settlement agreement among all the parties finally disposing of all issues raised in these actions, outside counsel and all other persons having possession or control of another party's CONFIDENTIAL and/or HIGHLY CONFIDENTIAL Material, including any briefs, motions, pleadings, expert reports or other documents created during the course of these actions that contain CONFIDENTIAL and/or HIGHLY CONFIDENTIAL Material, shall: (a) return all CONFIDENTIAL and HIGHLY CONFIDENTIAL Material and any copies thereof to the appropriate outside counsel who produced the CONFIDENTIAL and HIGHLY CONFIDENTIAL Material; or (b) destroy such CONFIDENTIAL and HIGHLY CONFIDENTIAL Material.  Each party shall give written notice of such destruction to outside counsel for the Producing Party.  Counsel of record, however, may retain copies of all filings, written discovery, and correspondence for archival purposes.  Further, all notes, summaries, or other documents prepared by attorneys, or outside experts/consultants designated as provided in Paragraphs 10and 11, derived from or containing CONFIDENTIAL and HIGHLY

1  CONFIDENTIAL Material, shall after the conclusion of the actions, be kept within the files of

2  trial counsel for the party creating such work product, or be destroyed.

3       10.2    Other Proceedings:  By entering this order and limiting the disclosure of

4  information in this case, the Court does not intend to preclude another court from finding that

5  information may be relevant and subject to disclosure in another case.  Any person or party

6  subject to this order who becomes subject to a motion to disclose another party's information

7  Designated CONFIDENTIAL and HIGHLY CONFIDENTIAL Material pursuant to this order

8  shall promptly notify the Producing Party of the motion so that the party may have an opportunity

9  to appear and be heard on whether that information should be disclosed.

10      10.3    Contested Designations: A Party shall not be obligated to challenge the propriety

11 of designating any CONFIDENTIAL and HIGHLY CONFIDENTIAL Material at the time such

12 designation is made, and failure to do so shall not preclude a subsequent challenge thereto.  In the

13 event that a Party disagrees at any stage of these proceedings with the designation by the

14 Producing Party of any information as CONFIDENTIAL and HIGHLY CONFIDENTIAL

15 Material, the Parties shall try first to resolve such dispute in good faith on an informal basis.  The

16 objecting Party shall first provide written notice to the Producing Party, identifying the

17 CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material whose designation it

18 challenges and setting forth the basis for the challenge.  Except in the case of a challenge for more

19 than twenty (20) documents or more than twenty-five (25) pages of deposition testimony, within

20 fourteen (14) days of its receipt of written notice of the challenge to its designation, the Producing

21 Party shall meet and confer with the objecting Party in order to attempt to resolve any dispute

22 concerning the designation by agreement or stipulation.  In the case of a challenge for more than

23 twenty (20) documents or more than twenty-five (25) pages of deposition testimony, the

24 challenging Party and the Producing Party shall meet and confer in good faith to establish a

25 reasonable timeframe for a response to the challenge.  If the dispute cannot be resolved, the

26 objecting Party may seek appropriate relief from the Court, but the Party seeking to restrict

27 disclosure of information shall bear the burden of proof that it constitutes CONFIDENTIAL and

28

HIGHLY CONFIDENTIAL Material.  The objecting Party's motion or application to the Court shall identify with specificity the CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material that is the subject of the motion, but shall not disclose or reveal the contents of that material except in the manner prescribed by Paragraph 7 of this Protective Order. If such a motion or application is made, all Discovery Material so designated shall maintain CONFIDENTIAL or HIGHLY CONFIDENTIAL status pending a determination by the court as to its appropriate status.

10.4   <u>Non-waiver</u>:  The production of Confidential Discovery Materials by a Party under the terms of this Order shall not be construed to mean that the Producing Party has waived any objection to the production, relevancy or admissibility of such Materials.  Nothing contained herein shall preclude any Party from opposing any discovery on any basis.

10.5   <u>Additional Parties</u>:  If an additional party joins or is joined in these actions, the newly joined party shall not have access to CONFIDENTIAL and HIGHLY CONFIDENTIAL Material until the parties agree to a supplemental Protective Order governing the protection of CONFIDENTIAL and HIGHLY CONFIDENTIAL Material.

10.6   <u>Third Parties</u>:  Third Parties shall be treated as Parties for purposes of this Protective Order, except to the extent ordered otherwise by this Court or another court of coordinate jurisdiction.  Any Third Party from whom discovery is sought in these actions may designate some or all of the documents, things, information or other material as CONFIDENTIAL and HIGHLY CONFIDENTIAL Material under this Protective Order.  If it does so, then each Party to the action will have with respect to such CONFIDENTIAL and HIGHLY CONFIDENTIAL Material the same obligations which that Party has with respect to CONFIDENTIAL and HIGHLY CONFIDENTIAL Material of another Party to the action.  Nothing in this Paragraph or this Protective Order is intended to, or does, excuse any Third Party from compliance with a duly served subpoena.

10.7   <u>Attendance at Depositions</u>:  If a deposition concerns CONFIDENTIAL or HIGHLY CONFIDENTIAL Material, the Producing Party shall have the right to exclude from

the portion of the deposition concerning such information any person not authorized in accordance with Paragraphs 4.2-4.3 above to have access to such Material.  In-house counsel authorized to receive CONFIDENTIAL Material pursuant to Paragraph 10(b) shall only be excluded from the portion of the deposition that contains questions and answers that reveal the content of information designated HIGHLY CONFIDENTIAL, the disclosure of which is likely to cause harm to the competitive position of the Producing Party, and which would have been redacted from expert reports, pleadings, briefs or other papers filed with the Court in these actions under seal as specified in Paragraph 7.

      10.8    Unauthorized Disclosure: In the event of disclosure of any CONFIDENTIAL or HIGHLY CONFIDENTIAL Material to a person not authorized to have access to such material, the Party responsible for having made, and any Party with knowledge of, such disclosure shall immediately inform outside counsel for the Producing Party whose CONFIDENTIAL or HIGHLY CONFIDENTIAL Material has thus been disclosed of all known relevant information concerning the nature and circumstances of the disclosure.  The responsible Party also promptly shall take all reasonable measures to ensure that no further or greater unauthorized disclosure or use of such Material is made and to retrieve any Material improperly disclosed.  Each Party shall cooperate in good faith in that effort.

      10.9    Termination of Access:

          a.    In the event any person or Party ceases to be engaged in the conduct of these actions, such person's or Party's access to CONFIDENTIAL and HIGHLY CONFIDENTIAL Material shall be terminated, and all copies thereof shall be returned or destroyed in accordance with the terms of Paragraph 10.1 hereof, except that such return or destruction shall take place as soon as practicable after such person or party ceases to be engaged in the conduct of these actions.

          b.    The provisions of this Order shall remain in full force and effect as to any person or Party who previously had access to CONFIDENTIAL and

1          HIGHLY CONFIDENTIAL Material, except as may be specifically

2          ordered by the Court or consented to by the Producing Party.

3    10.10   Modification:

4          a.    Stipulations may be made, between Counsel for the respective Parties, as to

5                the application of this Order to specific situations, provided that such

6                stipulations are recorded in writing or contained in the record of any oral

7                proceeding.  Nothing contained herein shall preclude any Party from

8                seeking an order of the Court modifying or supplementing this Order.

9    10.11   Duration:  Even after the termination of these actions, the confidentiality

10   obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise

11   in writing or a Court order otherwise directs.

12

        **SO STIPULATED.**

13

14

     Dated:   May 7, 2014

15

     Respectfully submitted by:

16

17   /s/ *Peter R. Kohn*                          /s/ *Daniel C. Girard*
     Peter R. Kohn                                Daniel C. Girard (SBN 114826)

18   Joseph T. Lukens                             Dena C. Sharp (SBN 245869)
     **FARUQI & FARUQI LLP**                      **GIRARD GIBBS LLP**

19   101 Greenwood Avenue                         601 California Street, 14th Floor

20   Suite 600                                    San Francisco, CA 94108
     Jenkintown, PA 19046                         Telephone: (415) 981-4800

21   Telephone:  (215) 277-5770                   Facsimile:  (415) 981-4846
     Facsimile:  (215) 277-5771                   Email: dcg@girardgibbs.com

22   Email: pkohn@faruqilaw.com                   Email: chc@girardgibbs.com

23   Eric L. Cramer                               *Attorneys for Plaintiffs United Food and*

24   David F. Sorensen                            *Commercial Workers Local 1776 & Participating*
     **BERGER & MONTAGUE, P.C.**                  *Employers Health and Welfare Fund* and

25   1622 Locust Street                           *Fraternal Order of Police, Fort Lauderdale*
     Philadelphia, PA 19103                       *Lodge 31, Insurance Trust Fund*

26   Telephone:  (215) 875-3000
     Facsimile:   (215) 875-4604

27   Email: ecramer@bm.net

28

Barry S. Taus
Archana Tamoshunas
**TAUS, CEBULASH & LANDAU, LLP**
80 Maiden Lane, Suite 1204
New York, NY 10038
Telephone: (212) 931-0704

*Attorneys for Plaintiff Rochester Drug Co-Operative, Inc.*

*/s/ Thomas M. Sobol*
Thomas M. Sobol
David S. Nalven
Ed Notargiacomo
**HAGENS BERMAN SOBOL SHAPIRO LLP**
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142
Telephone: (617) 482-3700
Email: tom@hbsslaw.com
Email: davidn@hbsslaw.com
Email: ed@hbsslaw.com

Jeff D. Friedman (SBN 173886)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
jeff@hbsslaw.com

John Radice
**RADICE LAW FIRM**
34 Sunset Blvd
Long Beach, NJ 08008
Telephone: (646) 386-7688
Email: jradice@radicelawfirm.com

*Attorneys for Plaintiff American Sales Company, LLC*

*/s/ Bruce E. Gerstein*
Bruce E. Gerstein
Joseph Opper
Ephraim R. Gerstein
**GARWIN GERSTEIN & FISHER LLP**

Steve D. Shadowen
**HILLIARD & SHADOWEN LLP**
39 West Main Street
Mechanicsburg, PA 17055
Telephone: (855) 344-3298
Email: steve@hilliardshadowenlaw.com

Natalie Finkelman Bennett
James C. Shah
Eric L. Young
**SHEPHERD, FINKELMAN, MILLER & SHAH, LLP**
35 E. State Street
Media, PA 19063
Telephone: (610) 891-9880
Facsimile: (610) 891-9883
Email: nfinkelman@sfmslaw.com

*Attorneys for Plaintiff United Food and Commercial Workers Local 1776 & Participating Employers Health and Welfare Fund*

*/s/ Jayne A. Goldstein*
Jayne A. Goldstein
**POMERANTZ LLP**
1792 Bell Tower Lane, Suite 203
Weston, FL 33326
Telephone: (954) 315-3454
Facsimile: (954) 315-3455
Email: jagoldstein@pomlaw.com

*Attorneys for Plaintiff Fraternal Order of Police, Fort Lauderdale Lodge 31, Insurance Trust Fund*

*/s/ Renae D. Steiner*
Renae D. Steiner
**HEINS MILLS & OLSON, P.L.C.**
310 Clifton Avenue
Minneapolis, MN 55403
Telephone: (612) 338-4605
Facsimile: (612) 338-4692
Email: rsteiner@heinsmills.com

*Attorneys for Plaintiff Greater Metropolitan Hotel Employers-Employees Health and Welfare Fund*

17

88 Pine Street, 10th Floor
New York, NY 10005
Telephone:  (212) 398-0055
Facsimile:  (212) 764-6620
Email: bgerstein@garwingerstein.com
Email: jopper@garwingerstein.com
Email: egerstein@garwingerstein.com

Stuart E. Des Roches
**ODOM & DES ROCHES LLP**
650 Poydras Street, Suite 2020
New Orleans, LA 70130
Telephone:  (504) 522-0077
Facsimile:   (504) 522-0078
Email: stuart@odrlaw.com

David C. Raphael, Jr.
**SMITH SEGURA & RAPHAEL LLP**
3600 Jackson Street, Suite 111
Alexandria, LA 71303
Telephone:  (318) 445-4480
Facsimile:  (318) 487-1741
Email: draphael@ssrllp.com
Russ Chorush
**HEIM PAYNE & CHORUSH LLP**
600 Travis, Suite 6710
Houston, TX 77002
Telephone:  (713) 221-2000
Facsimile:  (713) 221-2021
Email: rchorush@hpcllp.com

*Attorneys for Plaintiff Drogueria Betances, Inc.*

/s/ Linda P. Nussbaum
Linda P. Nussbaum
Bradley J. Demuth
Adam Steinfeld
**GRANT & EISENHOFER P.A.**
485 Lexington Avenue, 29th Floor
New York, NY 10017
Telephone:  (646) 722-8500
Facsimile:   (646) 722-8501
Email: lnussbaum@gelaw.com
Email: bdemuth@gelaw.com
Email: asteinfeld@gelaw.com

/s/ Lee Albert
Lee Albert
**GLANCY BINKOW & GOLDBERG LLP**
122 East 42nd Street, Suite 2920
New York, NY 10168
Telephone:  (212) 682-5340
Facsimile:  (212) 884-0988
Email: lalbert@glancylaw.com

*Attorneys for Plumbers & Pipefitters Local 178
Health & Welfare Trust Fund*

/s/ Joseph R. Saveri
Joseph R. Saveri
Ryan J. McEwan
**JOSEPH SAVERI LAW FIRM, INC.**
505 Montgomery Street, Suite 625
San Francisco, California 94111
Telephone:  (415) 500-6800
Facsimile:  (415) 395-9940
Email: jsaveri@saverilawfirm.com
Email: rmcewan@saverilawfirm.com

*Attorneys for Plaintiffs Local 17 Hospitality
Benefit Fund and Steven Roller*

/s/ Jacob A. Goldberg
Jacob A. Goldberg
**COHEN PLACITELLA & ROTH, P.C.**
Two Commerce Square, Suite 2900
2001 Market Street
Philadelphia, P A 19103
Telephone:  (215) 567-3500
Email: jgoldberg@cprlaw.com

/s/ Noah Axler
Noah Axler
DONOVAN AXLER, LLC
1845 Walnut Street, Suite 1100
Philadelphia, PA  19103
Telephone: (215) 732-6067
Email: naxler@donovanaxler.com

*Attorneys for Philadelphia Federation of
Teachers Health & Welfare Fund*

18

1

Juan R. Rivera Font

2

JUAN R. RIVERA FONT LLC
Ave. Gonzales Giusti #27, Suite 602

3

Guaynabo, PR 00968
Telephone:   (787) 751-5290

4

Facsimile:   (787) 751-6155

5

*Attorneys for Plaintiff Cesar Castillo, Inc.*

6

**For the Defendants:**

7

**SQUIRE SANDERS (US) LLP**

8

*/s/ David S. Elkins*

9

David S. Elkins (State Bar No. 148077)

10

600 Hansen Way
Palo Alto, California 94304

11

Telephone: (650) 856-6500
Facsimile:  (650) 843-8777

12

David.Elkins@squiresanders.com

13

Nathan Lane III (State Bar No. 50961)

14

Noriyuki Shimoda (State Bar No. 176973)
Joseph A. Meckes (State Bar No. 190279)

15

275 Battery Street, 26th Floor
San Francisco, California 94111

16

Telephone: (415) 954-0200
Facsimile:  (415) 393-9887

17

Nathan.Lane@squiresanders.com

18

Noriyuki.Shimoda@squiresanders.com
Joseph.Meckes@squiresanders.com

19

*Attorneys for Defendants Teikoku Pharma*

20

*USA, Inc. and Teikoku Seiyaku Co., LTD.*

21

**ARNOLD & PORTER LLP**

22

*/s/ Diane E. Bieri*

23

Diane E. Bieri
Jonathan L. Stern (admitted pro hac vice)

24

Diane E. Bieri (admitted pro hac vice)
Ryan Z. Watts (admitted pro hac vice)

25

555 Twelfth Street, N.W.
Washington, D.C. 20004-1206

26

Telephone: (202) 942-5000

27

Facsimile:  (202) 942-4999
Jonathan.Stern@aporter.com

28

---

*/s/ George E. Barrett*
George E. Barrett
Jerry E. Martin
**BARRETT JOHNSTON LLC**
217 Second Avenue North
Nashville, TN 37201
Telephone: (615) 244-2202
Facsimile:  (615) 252-3798
Email: gbarrett@barrettjohnston.com
Email: jmartin@barrettjohnston.com

*Attorneys for Plaintiff Pirelli Armstrong Retiree*
*Medical Benefits Trust*

*/s/ J. Douglas Richards*
J. Douglas Richards
Sharon K. Robertson
**COHEN MILSTEIN SELLERS & TOLL**
**PLLC**
88 Pine Street, 14th Floor
New York, New York 10005
Telephone:  (212) 758-3042
Facsimile:  (212) 838-7745

*Attorneys for Plaintiff Welfare Plan of the*
*International Union of Operation Engineers*
*Locals 137, 137A, 137B, 137C, 137R*

*/s/ Michael M. Buchman*
Michael M. Buchman
John A. Ioannou
**MOTLEY RICE LLC**
600 Third Ave, Suite 2101
New York, New York 10016
Telephone:  (212) 577-0051
Facsimile:   (212) 577-0054
Email: mbuchman@motleyrice.com
Email: jioannou@motleyrice.com

*Attorneys for Plaintiff City of Providence, Rhode*
*Island*

*/s/ Marvin A. Miller*
Marvin A. Miller
Lori A. Fanning
**MILLER LAW LLC**
115 South LaSalle Street, Suite 2910

19

Diane.Bieri@aporter.com
Ryan.Watts@aporter.com

Daniel B. Asimow (State Bar No. 165661)
10th Floor
Three Embarcadero Center
San Francisco, California 94111-4024
Telephone: (415) 471-3100
Facsimile: (415) 471-3400
Daniel.Asimow@aporter.com

*Attorneys for Defendant Endo*
*Pharmaceuticals Inc.*

**SKADDEN, ARPS, SLATE, MEAGHER**
**& FLOM**

*/s/ Steven C. Sunshine*
Steven C. Sunshine
James Schaefer (State Bar No. 250417)
525 University Avenue
Palo Alto, California 94301-1908
Telephone: (650) 470-4500
Facsimile: (650) 470-4570
James.Schaefer@skadden.com

Steven C. Sunshine (admitted pro hac vice)
1440 New York Avenue, N.W.
Washington, D.C. 20005-2111
Telephone: (202) 371-7000
Facsimile: (202) 393-5760

Karen Hoffman Lent (admitted pro hac vice)
Four Times Square
New York, New York 10036
Telephone: (212) 735-3000
Facsimile: (917) 777-3000

*Attorneys for Defendants*
*Actavis, Inc., Watson Pharmaceuticals, Inc.,*
*Watson Laboratories, Inc., Actavis plc., Anda*
*Inc., Anda Pharmaceuticals, Inc., and*
*Valmed Pharmaceuticals, Inc.*

Chicago, IL 60603
Telephone: (312) 332-3400
Email: mmiller@millerlawllc.com
Email: lfanning@millerlawllc.com

*Attorneys for Plaintiff Painters District Council*
*No. 30 Health & Welfare Fund*

*/s/ David W. Mitchell*
David W. Mitchell
Brian O. O'Mara
Lonnie A. Browne
**ROBBINS GELLER RUDMAN & DOWD**
**LLP**
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: (619) 231-1058
Facsimile: (619) 231-7423

*Attorneys for Plaintiff NECA-IBEW Welfare*
*Trust Fund*

*/s/ Jeffrey L. Kodroff*
Jeffrey L. Kodroff
**SPECTOR ROSEMAN KODROFF &**
**WILLIS, P.C.**
1818 Market Street, Suite 2500
Philadelphia, PA 19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611
Email: jkodroff@srkw-law.com

*Attorneys for Plaintiffs Greater Metropolitan*
*Hotel Employers-Employees Health and Welfare*
*Fund and Twin City Iron Workers Health and*
*Welfare Fund*

*/s/ James R. Dugan, II*
James R. Dugan, II
**THE DUGAN LAW FIRM, APLC**
365 Canal Street, Suite 1000
New Orleans, Louisiana 70130
Telephone: (504) 648-0180
Facsimile: (504) 648-0181
Email: jdugan@dugan-lawfirm.com

*Attorneys for Plaintiff Allied Services Division*

20

1

*Welfare Fund*

2

*/s/ Robert W. Sink*
Robert W. Sink

3

**LAW OFFICES OF ROBERT W. SINK**

4

1800 J.F.K. Blvd., 14th Floor
Philadelphia, PA 19103

5

Tel: (215) 995-1000

6

Joseph C. Kohn

7

William E. Hoese
**KOHN, SWIFT & GRAF, P.C.**

8

One South Broad Street, Suite 2100
Philadelphia, PA 19106

9

Tel: (215) 238-1700

10

*Attorney for Plaintiff Irene Kampanis*

11

*/s/ Robert S. Kitchenoff*

12

Robert S. Kitchenoff
**WEINSTEIN KITCHENOFF & ASHER LLC**

13

1845 Walnut Street, Suite 1100
Philadelphia, PA  19103

14

Telephone: (215) 545-7200
Email: Kitchenoff@wka-law.com

15

16

*/s/ Stephen E. Connolly*
Stephen E. Connolly

17

**CONNOLLY WELLS & GRAY, LLP**

18

2200 Renaissance Boulevard
King of Prussia, PA  19406

19

Telephone: (610) 822-3700
Email: sconnolly@cwg-law.com

20

21

*Attorneys for Teamsters Union Local 115 Health*
*& Welfare Fund*

22

*/s/ Krishna B. Narine*

23

Krishna B. Narine
**MEREDITH & NARINE**

24

100 Broad Street, Suite 905

25

Philadelphia, PA  19110
Telephone: (215) 564-5182

26

Email: knarine@m-npartners.com

27

28

STIPULATED PROTECTIVE ORDER
MDL DOCKET NO. 14-md-02521-WHO

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*/s/ William H. London*
William H. London
**FREED KANNER LONDON & MILLEN,
LLC**
2201 Waukegan Road, Suite 130
Bannockburn, IL  60015
Telephone: (224) 632-4500
Email: blondon@fklmlaw.com

*Attorneys for International Association of Fire
Fighters Local 22 Health & Welfare Fund*

*/s/ Ralph B. Kalfayan*
Ralph B. Kalfayan
Amanda Friedman
**KRAUSE KALFAYAN BENINK &
SLAVENS, LLP**
550 W. C Street, Suite 530
San Diego, California 92101
Telephone:  (619) 232-0331
Facsimile:  (619) 232-4019
Email: ralph@kkbs-law.com
Email: afriedman@kkbs-law.com

*Attorneys for Plaintiff Steven Roller*

## ORDER

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated:  May ___, 2014

_____
William H. Orrick
United States District Judge

**EXHIBIT A**

**UNDERTAKING TO BE BOUND BY STIPULATED PROTECTIVE ORDER**

I, _____ [print or type full name], of _____

_____ [print or type full address], declare under penalty of

perjury that I have read in its entirety and understand the Stipulated Protective Order issued by

the United States District Court for the Northern District of California on May ___, 2014 in the

action *In re Lidoderm Antitrust Litigation*, MDL Docket No. 14-md-02521-WHO.

I agree to comply with and to be bound by all the terms of the Stipulated Protective Order.

I understand and acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner

any information or item that is subject to this Stipulated Protective Order to any person or entity

except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Northern District of California for the purpose of enforcing the terms of the Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print/type full address and tel. no.]

as my California agent for service of process in connection with this action or any proceedings

related to enforcement of this Stipulated Protective Order.

Dated: _____, 201_____ at (location):_____

Name: _____   Signature: _____

1