1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| **In re LIDODERM ANTIRUST LITIGATION** | Case No. 14-md-02521-WHO |
|---|---|
| THIS DOCUMENT RELATES TO: ALL DIRECT PURCHASER ACTIONS | **ORDER APPOINTING INTERIM DIRECT PURCHASER PLAINTIFFS' COUNSEL**<br><br>**THIS DOCUMENT APPLIES TO THE DIRECT PURCAHSER PLAINTIFF CASES** |

The Court has considered the documents filed in support of the appointment of Interim Co-Lead Counsel, appointment of Interim Liaison Counsel, and adopting of the leadership structure proposed by the Direct Purchaser Plaintiffs.  Docket No. 54.  The Court finds that each of the proposed firms and individuals is experienced in litigating and trying complex antitrust class actions, has extensive knowledge of the applicable law, and has the appropriate resources to properly represent the class.  The structure proposed by the Direct Purchaser Plaintiffs and adopted in this Order might allow duplicative work by counsel if left unchecked.  It will be the responsibility of Interim Co-Lead Counsel, with the assistance of Liaison Counsel, to effectively marshal the substantial legal talent present in this case to best represent the interests of the clients and of the administration of justice.

THEREFORE, pursuant to Fed. R. Civ. P. 23(g):

1. The law firms of Faruqi & Faruqi LLP, Garwin, Gerstein & Fisher LLP, and Hagens Berman Sobol Shapiro LLP, shall serve as Interim Co-Lead Counsel for the proposed Direct Purchaser Class.

2. Interim Co-Lead Counsel for the proposed Direct Purchaser Class shall discharge the responsibilities set forth in paragraph 15 of the Court's Initial Case Management Order (ECF No. 2) and shall have authority over the following matters on behalf of the proposed Direct Purchaser Class:  (a) the scope, order and conduct of all discovery proceedings; (b) calling meetings of counsel; (c) the initiation, response, scheduling, briefing and argument of all motions; (d) examination of witnesses and introduction of evidence at hearings; (e) acting as the spokesperson for the proposed Class in pretrial proceedings and in response to inquiries from the Court, subject to the right of any plaintiff's counsel to present non-repetitive individual or different positions; (f) retention of experts; (g) communication with defendants' counsel, including the negotiation of stipulations, with the understanding that Interim Co-Lead Counsel or their designees shall have sole authority to communicate with defendants' counsel, that defendants' counsel may rely on all agreements made with Interim Co-Lead Counsel or their designees, and that such agreements shall be binding on all counsel for the respective proposed classes; (h) assignment of such non-duplicative work to the Executive Committee and other plaintiffs' counsel as Interim Co-Lead Counsel may deem necessary and appropriate; (i) preparation of periodic status reports summarizing Interim Co-Lead Counsel's work and progress, which shall be submitted to Interim

Liaison Counsel who will promptly distribute copies to the other plaintiffs' attorneys within their liaison group; (j) performance of any tasks necessary and proper for Interim Co-Lead Counsel to accomplish its responsibilities as defined by the Court's orders; (k) allocation of attorneys' fees, if any are awarded by the Court; and (l) performance of such other functions as may be expressly authorized by further orders of the Court.

3. Hagens Berman Sobol Shapiro LLP. is appointed as Interim Liaison Counsel for the proposed Direct Purchaser Class and shall perform the duties set forth in paragraph 14 of the Court's Initial Case Management Order (ECF No. 2), including receiving orders and notices from the Court on behalf of all parties within their liaison group, preparing and transmitting copies of such orders and notices to the parties in their liaison group, and performing other tasks determined by the Court. Interim Liaison Counsel shall be required to maintain complete files with copies of all documents served upon them and shall make such files available to parties within their liaison group upon request. Interim Liaison Counsel are also authorized to receive orders and notices from the Judicial Panel on Multidistrict Litigation pursuant to Rule 4.1 of the Panel's Rules of Procedure or from the transferee court on behalf of all parties within their liaison group and shall be responsible for the preparation and transmittal of copies of such orders and notices to the parties in their liaison group.

4. An Executive Committee for the proposed Direct Purchaser Class consisting of the following law firms is appointed: Berger & Montague, P.C.; Grant & Eisenhofer, P.A.; Heim Payne & Chorush, LLP; Odom & Des Roches LLP; Smith Segura & Raphael, LLP; and Taus, Cebulash & Landau LLP.

5. Interim Co-Lead Counsel for the proposed Direct Purchaser Class shall work together with Interim Co-Lead Counsel for the proposed End-Payor Class and with the proposed Classes' respective Executive Committees to ensure that all work necessary to prosecute this case is allocated based on the abilities and professional resources of counsel, and with the objective of prosecuting the case in an efficient, non-duplicative manner.

6. Direct Purchaser Plaintiffs' counsel shall keep detailed contemporaneous time and expense records, including identifying with specificity the hours, location and particular activity performed. Each firm that wishes to seek an award of attorneys' fees must provide to Interim Co-Lead Counsel or their designee on a monthly basis a report detailing the time and expenses spent

during the preceding month by each timekeeper, as prescribed by Interim Co-Lead Counsel, and the accumulated total of the firm's time, hourly rates, and expenses to date.

**SO ORDERED.**

DATED: May 20, 2014  _____

THE HONORABLE WILLIAM H. ORRICK
UNITED STATES DISTRICT COURT JUDGE