UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED FOOD AND COMMERCIAL WORKERS LOCAL 1776 & PARTICIPATING EMPLOYERS HEALTH AND WELFARE FUND, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>TEIKOKU PHARMA USA, INC., et al.,<br><br>Defendants. | Case No.  14-md-02521-WHO<br><br>**ORDER APPOINTING INTERIM CO-LEAD COUNSEL FOR END-PAYOR CLASS**<br><br>Re: Dkt. Nos. 46, 51<br><br>**THIS DOCUMENT RELATES ONLY TO THE END-PAYOR CASES** |

The Court has considered the documents and motion filed in support of the appointment of Interim Co-Lead Counsel, appointment of Interim Liaison Counsel, and adoption of the leadership structures proposed by the two groups of End-Payor class plaintiffs – the Girard Gibbs group, which described its proposal at the Case Management Conference on May 9, 2014, and the alternate proposal submitted by plaintiff Government Employees Health Association and the Lowey Dannenberg group. Docket Nos. 46, 51. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby VACATES the June 18, 2014 hearing. The Court will adopt the leadership structure proposed by the Girard Gibbs group.

The Court finds that each of the proposed firms and individuals in the Girard Gibbs group is experienced in litigating and trying complex antitrust class actions, has extensive knowledge of the applicable law, and has the appropriate resources to properly represent the class. The same could be said for the Lowey Dannenberg group. The structure proposed by the Lowey Dannenberg group was simpler and at least theoretically had the benefit of a more streamlined approach to the litigation. But it was not supported by the substantial majority of firms that will be litigating these matters. All counsel are on notice of the Court's strong interest in the efficient and cost-effective administration of justice. Co-Lead Counsel and Liaison Counsel are directed to effectively marshal the substantial legal talent present in this case to best represent the interests of the clients and of the administration of justice, avoid unnecessary duplication, and litigate this case

as efficiently as possible.

THEREFORE, pursuant to Fed. R. Civ. P. 23(g):

1. The law firms of Girard Gibbs LLP, Cohen Milstein Sellers & Toll PLLC, and Heins Mills & Olson PLC shall serve as Interim Co-Lead Counsel for the proposed End-Payor Class under Federal Rule of Civil Procedure 23(g).

2. Interim Co-Lead Counsel for the proposed End-Payor Class shall discharge the responsibilities set forth in paragraph 15 of the Court's Initial Case Management Order (ECF No. 2) and shall have authority over the following matters on behalf of the proposed End-Payor Class: (a) the scope, order and conduct of all discovery proceedings; (b) calling meetings of counsel; (c) the initiation, response, scheduling, briefing and argument of all motions; (d) examination of witnesses and introduction of evidence at hearings; (e) acting as the spokesperson for the proposed Class in pretrial proceedings and in response to inquiries from the Court, subject to the right of any plaintiff's counsel to present non-repetitive individual or different positions; (f) retention of experts; (g) communication with defendants' counsel, including the negotiation of stipulations, with the understanding that Interim Co-Lead Counsel or their designees shall have sole authority to communicate with defendants' counsel, that defendants' counsel may rely on all agreements made with Interim Co-Lead Counsel or their designees, and that such agreements shall be binding on all counsel for the respective proposed classes; (h) assignment of such non-duplicative work to the Executive Committee and other plaintiffs' counsel as Interim Co-Lead Counsel may deem necessary and appropriate; (i) preparation of periodic status reports summarizing Interim Co-Lead Counsel's work and progress, which shall be submitted to Interim Liaison Counsel who will promptly distribute copies to the other plaintiffs' attorneys within their liaison group; (j) performance of any tasks necessary and proper for Interim Co-Lead Counsel to accomplish its responsibilities as defined by the Court's orders; (k) allocation of attorneys' fees, if any are awarded by the Court; and (l) performance of such other functions as may be expressly authorized by further orders of the Court.

3. The Joseph Saveri Law Firm, Inc. is appointed as Interim Liaison Counsel for the proposed End-Payor Class and shall perform the duties set forth in paragraph 14 of the Court's Initial Case Management Order (ECF No. 2), including receiving orders and notices from the

Court on behalf of all parties within their liaison group, preparing and transmitting copies of such orders and notices to the parties in their liaison group, and performing other tasks determined by the Court. Interim Liaison Counsel shall be required to maintain complete files with copies of all documents served upon them and shall make such files available to parties within their liaison group upon request. Interim Liaison Counsel are also authorized to receive orders and notices from the Judicial Panel on Multidistrict Litigation pursuant to Rule 4.1 of the Panel's Rules of Procedure or from the transferee court on behalf of all parties within their liaison group and shall be responsible for the preparation and transmittal of copies of such orders and notices to the parties in their liaison group.

4.  An Executive Committee for the proposed End-Payor Class consisting of the following law firms is appointed: Hilliard & Shadowen LLP, Miller Law LLC, Motley Rice LLC, Robbins Geller Rudman & Dowd LLP, and The Dugan Law Firm, APLC.

5.  Interim Co-Lead Counsel for the proposed End-Payor Class shall work together with Interim Co-Lead Counsel for the proposed Direct Purchaser Class and with the proposed Classes' respective Executive Committees to ensure that all work necessary to prosecute this case is allocated based on the abilities and professional resources of counsel, and with the objective of prosecuting the case in an efficient, non-duplicative manner.

6.  End-Payor Plaintiffs' counsel shall keep detailed contemporaneous time and expense records, including identifying with specificity the hours, location and particular activity performed. Each firm that wishes to seek an award of attorneys' fees must provide to Interim Co-Lead Counsel or their designee on a monthly basis a report detailing the time and expenses spent during the preceding month by each timekeeper, as prescribed by Interim Co-Lead Counsel, and the accumulated total of the firm's time, hourly rates, and expenses to date.

**IT IS SO ORDERED**.

Dated: May 23, 2014

_____
WILLIAM H. ORRICK
United States District Judge