UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED FOOD AND COMMERCIAL WORKERS LOCAL 1776 & PARTICIPATING EMPLOYERS HEALTH AND WELFARE FUND, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>TEIKOKU PHARMA USA, INC., et al.,<br><br>Defendants. | Case No. 14-md-02521-WHO<br><br>**TENTATIVE RULINGS FOR APRIL 22, 2015 HEARING** |

In order for the parties to focus their oral arguments on specific state law claims, below are my tentative rulings on the issues in dispute.

**Motion to Dismiss Claims Asserted by EPPs**

1. **Utah** – DISMISSED WITHOUT PREJUDICE, pursuant to the EPPs' request.

2. **Massachusetts** – Section 9 Claim of Plaintiff Galloto, DISMISSED WITH LEAVE TO AMEND, to allege that defendants do not maintain a place of business or keep assets in Massachusetts.

**Motion to Dismiss Claims Asserted by GEHA**

**A.     Antitrust and Consumer Protection Claims**

1. **Rhode Island** antitrust claim – DISMISSED WITH PREJUDICE.  The antitrust conduct occurred before the repealer statute passed.

2. **Alaska** consumer protection claim – DISMISSED WITH PREJUDICE. GEHA cannot avoid Alaska's failure to pass a repealer statute by relying on the more general consumer protection act.

3. **Massachusetts** consumer protection claim – DISMISSED WITH PREJUDICE. GEHA's claim is properly considered a Section 11 claim, but barred because GEHA was acting in

"trade or commerce" when it paid for the Lidoderm patches.

4. **District of Columbia** consumer protection claim - DISMISSED WITH PREJUDICE. GEHA is not a consumer under the statute.

5. **Maine** consumer protection claim – DISMISSED WITH PREJUDICE. Because (i) no authority supports a finding that GEHA is a "consumer," (ii) antitrust conduct which results in higher prices is not actionable under the statute; and (iii) no authority supports GEHA's argument that defendants' conduct before the PTO could be considered "deceptive" conduct under the statute.

6. **Montana** consumer protection claim – DISMISSED WITH PREJUDICE. No Montana authority supports a finding that GEHA is a consumer under the statute.

7. **Pennsylvania** consumer protection claim – DISMISSED WITH PREJUDICE. While under the *AFSCME* case, GEHA could be considered a "consumer" for purposes of the statute; GEHA's allegations of deceptive conduct cannot support a claim that defendants created a "likelihood of confusion or misunderstanding" on the part of consumers.

8. **Arkansas** consumer protection claim – DISMISSED WITH PREJUDICE. In absence of authority from Arkansas, the antitrust and PTO fraud allegations do not amount to unconscionable, false, or deceptive acts in violation of the Arkansas statute.

9. **Idaho** consumer protection claim – DISMISSED WITH PREJUDICE. The conduct at issue must be "directed to consumers" which was not the case here.

10. **Michigan** consumer protection claim – DISMISSED WITH PREJUDICE. The conduct at issue is not "fraudulent or deceptive" conduct directed to the public.

11. **Minnesota** consumer protection claims – DISMISSED WITH PREJUDICE. In absence of authority from Minnesota under either the Uniform Deceptive Trade Practices Act or the Consumer Fraud Act, the antitrust and PTO fraud allegations do not create "a likelihood of confusion or of misunderstanding" to consumers or other fraudulent conduct that is relied on by consumers.

12. **Oregon** consumer protection claim – DISMISSED WITH PREJUDICE. In absence of authority, that the antitrust and PTO fraud conduct alleged cannot be considered

"unconscionable" under the statute.

13.     **South Dakota** consumer protection claim – DISMISSED WITH PREJUDICE. There is no evidence that affirmative misrepresentations made by defendants in their negotiations with each other or the PTO were passed along to consumers.

14.     **West Virginia** consumer protection claim – DISMISSED WITH PREJUDICE.  In absence of West Virginia authority, the antitrust and PTO fraud allegations are not actionable.

15.     **New York** consumer protection claim – motion to dismiss DENIED.  The allegations that GEHA paid pharmacies in New York for Lidoderm patches are sufficient to state a claim.

16.     **North Carolina** consumer protection claim – motion to dismiss DENIED. The allegations that GEHA suffered an injury in North Carolina and that defendants' products were sold in North Carolina sufficient to state a claim.

### B.     Unjust Enrichment Claims

I am not inclined to change my view that for states that have not passed *Illinois Brick* repealers, GEHA cannot assert unjust enrichment claims.  That would be an end-run around *Illinois Brick*, unless authority from the state at issue provides otherwise.

Also, to the extent that GEHA has been unable to state an indirect purchaser claim under a state's antitrust and consumer protection statutes, GEHA cannot attempt to state an autonomous unjust enrichment claim instead.

1.     **Alabama** unjust enrichment claim – motion to dismiss DENIED.  GEHA's allegations are sufficient to show a direct line between the alleged overcharges GEHA paid and monies received by defendants.

2.     **Arizona** unjust enrichment claim – motion to dismiss DENIED.  GEHA has adequately alleged a traceable benefit to defendants from their co-payments of Lidoderm patches.

3.     **California** unjust enrichment claim – DISMISSED WITH PREJUDICE.  I am not inclined to reconsider my prior ruling finding that California does not recognize an independent unjust enrichment cause of action.

4.     **District of Columbia** unjust enrichment claim – motion to dismiss DENIED.

1  GEHA does not need to plead that it "directly" paid defendants a benefit under District of
2  Columbia law.
3      5.    **Kansas** unjust enrichment claim – motion to dismiss DENIED. GEHA's
4  allegations that it overpaid for Lidoderm patches sufficient to allege defendants received unjust
5  benefit.
6      6.    **New York** unjust enrichment claim – DISMISSED WITH PREJUDICE. New
7  York authority holds that indirect purchaser claims are "too attenuated" to state an unjust
8  enrichment claim.
9      7.    **North Carolina** unjust enrichment claim – motion to dismiss DENIED. GEHA
10 does not need to allege that it paid defendants directly for Lidoderm patches.
11     8.    **North Dakota** unjust enrichment claim – DISMISSED WITH PREJUDICE.
12 Authority from North Dakota establishes that payment from plaintiff to defendant must be
13 "direct," and does not cover payments made by indirect purchasers.
14     9.    **Tennessee** unjust enrichment claim – motion to dismiss DENIED. GEHA's
15 allegations that they paid inflated prices for Lidoderm patches and that it would be unjust to allow
16 defendants to retain the excess payments are sufficient to state a claim.

Dated: April 21, 2015



WILLIAM H. ORRICK
United States District Judge

4