UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED FOOD AND COMMERCIAL WORKERS LOCAL 1776 & PARTICIPATING EMPLOYERS HEALTH AND WELFARE FUND, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>TEIKOKU PHARMA USA, INC., et al.,<br><br>Defendants. | Case No. 14-md-02521-WHO<br><br>**ORDER RE DISCOVERY LETTER**<br>Re: Dkt. No. 227 |

The parties filed a discovery letter regarding a dispute as to production of documents on July 10, 2015. Defendants request production of "documents concerning the extent to which Plaintiffs bear the burden of prescription drug costs and whether Plaintiffs have 'passed on' those costs to their members, members' employers, members' unions, or any other person or entity." Dkt. No. 227. This includes, among other things, documents concerning the EPP's obligation to pass on actual or anticipated lower costs to any source from which the EPPs obtain revenue, or documents relating to plans and premiums that the EPPs agreed to reimburse or pay for the purchase of Lidoderm. *See* Dkt. No. 227, Ex. A. Defendants argue that "[t]he requested information is relevant to: (i) whether plaintiffs were injured by the settlement agreement; (ii) defendants' defense that plaintiffs passed on any alleged overcharge; (iii) the quantum of damages plaintiffs allegedly sustained; and (iv) whether EPPs' proposed class satisfies the requirements of Fed. R. Civ. P. 23." Dkt. No. 227.

Plaintiffs offer to provide "premium related documents that refer to Lidoderm specifically." *Id.* At this juncture, the offered documents, plus the other information that is not objected to in the RFPs, are sufficient to provide defendants with the necessary information about *whether* the EPPs were injured, and whether they passed on any alleged overcharge.

In addition, at this point it is unclear how the information defendants request about "pass-on" charges will affect class certification requirements such as ascertainability. Defendants cite two main cases in support of their discovery request: *In re Skelaxin (Metaxalone) Antitrust Litig.*, 299 F.R.D. 555, 570 (E.D. Tenn. 2014) and *Vista Healthplan, Inc. v. Cephalon, Inc.*, No. 2:06-CV-1833, 2015 WL 3623005, at *8 (E.D. Pa. June 10, 2015).[1] Neither case involved the scope of discovery.

In each case, the court denied a motion for class certification because it found that it was not possible to ascertain all class members. Each court noted the difficulties in determining "pass-on" costs in each transaction: "In order to determine who is a member of the class, individual inquiry into contracts covering millions of purchases of Skelaxin would be required." *In re Skelaxin (Metaxalone) Antitrust Litig.*, 299 F.R.D. 555, 570.

*Skelaxin* found that "the issue with End Payors' class is not whether a purchaser was damaged in each individual transaction; the issue is whether a purchaser *constitutes a class member*." *Id.* at 570. The court found that the class was not ascertainable because "End Payors' expert testified that, depending on the circumstances of each transaction, an end payor may be one or more entities or individuals sharing the burden." *Cephalon* included a similar analysis.[2] *Vista Healthplan, Inc. v. Cephalon, Inc.*, No. 2:06-CV-1833, 2015 WL 3623005, at *11 (E.D. Pa. June 10, 2015).

Here, the ascertainability of the class will require an inquiry into whether the EPPs share the cost burden with others and whether their proposed class would be ascertainable. At this point, discovery regarding all of the numerous contracts between the EPPs and their members is not necessary to resolve these questions. In addition, the cases that defendants cite, such as *Skelaxin* and *Cephalon*, point to "Pharmacy Benefits Managers" as passing on costs, but defendants acknowledge that plaintiffs excluded these parties from the proposed class. Dkt. No.

---

[1] Although defendants provide other support in footnotes in the Joint Statement, none of these cases alters my decision.
[2] In addition, the Cephalon described the problems in the *plaintiffs'* evidence that prevented them from establish ascertainability. *Vista Healthplan, Inc. v. Cephalon, Inc.*, No. 2:06-CV-1833, 2015 WL 3623005, at *10 (E.D. Pa. June 10, 2015).

227 at 2 n.4.

It may be true that some of the documents that defendants seek are relevant, especially concerning damages. However, their request is burdensome, and at this early stage, it is not clear how it will provide substantially more material information concerning damages or class certification than the information that the EPPs have offered to produce. The documents plaintiffs will produce may provide the defendants with ammunition that they can use to justify imposing a larger production burden on the EPPs. If so, defendants may make another request for production. But at this point and given the burden on the EPPs, the EPPs need not produce the broad range of documents requested by defendants. Instead, the parties should proceed with production of "premium related documents that refer to Lidoderm specifically" and the other uncontested documents.

**IT IS SO ORDERED**.

Dated: July 17, 2015



WILLIAM H. ORRICK
United States District Judge