

ATTORNEYS AT LAW

October 5, 2015

**<u>Via ECF and Hand Delivery</u>**

The Honorable William H. Orrick
United States District Court
Northern District of California
450 Golden Gate Avenue, 17th Floor
San Francisco, California 94102

      Re:    ***In re Lidoderm Antitrust Litigation***
               Case No. C-14-md-02521

Dear Judge Orrick:

**Plaintiffs' Statement**

      Plaintiffs seek an order compelling Watson to unredact all dates related to Watson's launch of generic Lidoderm in documents generated before the Settlement Agreement was executed in May 2012.[1]  Plaintiffs propose *in camera* review of exemplar documents that Defendant Actavis (f/k/a Watson, herein "Watson") has improperly redacted.

      **Background.** Plaintiffs claim that but for Defendants' reverse payment agreement, Watson would have launched a generic before the September 15, 2013 date agreed to in the Settlement Agreement. Plaintiffs thus sought discovery relating to Watson's "proposed or actual preparations to launch, market, sell, or distribute Generic Lidoderm."

      Watson produced redacted documents from business units such as: (1) Manufacturing, which reported in documents when they would be ready to launch generic Lidoderm; (2) Regulatory, which set Watson's launch preparedness date and disclosed that date to the FDA; (3) Finance, which used projected launch dates to forecast generic Lidoderm revenues; and (4) Sales, which prepared spreadsheets and power point presentations containing launch dates and shared them with third parties.  No attorneys were listed on these documents as sender or recipient.  After meeting and conferring twice and un-redacting some documents in August, Watson maintained all other redactions of launch dates pre-dating the Settlement Agreement. Friday, Watson claimed that it will un-redact other documents and claims that this dispute is now resolved.  But, this dispute is still ripe: the parties have been negotiating for over three months, and the 11th hour offer to un-redact thousands of documents except "documents that seek or convey clear legal advice" does not resolve the dispute, as Watson has repeatedly described *all* of the documents at issue as "seeking or conveying legal advice" and has indicated that it is "comfortable" that *all* its current privilege assertions are sound. Moreover, Watson's latest offer

---

[1] Example documents are referred to herein. Plaintiffs request the Court review these documents and other examples *in camera*, and order the unredaction of all pre-settlement launch dates unless the document is authored or received by an attorney (though these latter documents remain subject to Plaintiffs' challenge based on waiver).

601 California Street, 14th Floor, San Francisco, CA 94108    WWW.GIRARDGIBBS.COM    711 Third Avenue, 20th Floor, New York, NY 10017
T. 415 981 4800, F. 415 981 4846                        T. 212 867 1721, F. 212 867 1767

To:    The Honorable William H. Orrick
Re:    *In re Lidoderm Antitrust Litigation*
October 5, 2015
Page  2

fails to acknowledge, let alone address, the waiver issue, described below.

**Argument.**  Watson argued during the meet and confer that the contested documents "reflect legal assessments and advice of counsel regarding ongoing patent litigation."[2] Watson has failed to prove that these documents were created by or sent to attorneys for the purpose of seeking legal advice, or that they contain legal advice related to Watson's *willingness* to launch at-risk.  Watson has failed in any event to show that the same information would not have been shared for a business reason, taking these documents outside the scope of privilege.  Last, Watson waived any privilege by sharing the launch dates with analysts, customers and the FDA.

Watson's redactions are improper because: (i) some of the redacted dates appear on their face to be about *readiness* or *ability* to launch, which Watson concedes is not privileged; (ii) the redacted dates are business facts, which are not privileged, even if they were based upon or derived from legal advice, which they were not; and (iii) any privilege was waived through disclosure of Watson's planned launch dates to third parties and the public.

*First*, although Watson concedes that statements concerning "readiness" to launch are not privileged [3] some of the redactions involve those very dates. For example, a report by the Salt Lake City manufacturing manager to the Generic Operations Committee stating, "Site working on commercial readiness, on track for a **[redacted]** readiness"[4] is not a privileged communication. Similarly, in another meeting, the Commercial group reports on the planned date for "launch readiness," which Watson redacts.[5]

In other documents, there is no evidence that the date was based on legal analysis of the patent litigation or the regulatory action involving the Citizens' Petition.[6]  For example, Watson redacts dates from the October 5, 2011 Generic Executive S&OP meeting, redacting both the projected revenues and the date by which it expected to receive them.[7]  These are business documents, unrelated to the rendering of legal advice.  In fact, Watson's CEO announced to the entire company that Watson "expect[ed] to launch in mid to late 2012," further evidencing the lack of confidentiality or care Watson afforded this purportedly privileged information,[8] until it came time to produce documents here.[9]  Watson bears the burden of proof as to its privilege

---

[2] Plaintiffs are prepared to provide to the Court Watson's statements during the meet and confer correspondence upon request.
[3] Plaintiffs are prepared to provide to the Court Watson's statements during the meet and confer correspondence upon request. ("These statements concern Watson's investments to be *ready to manufacture*—a subject over which Actavis has not claimed privilege").
[4] ACTLIDODERM00475579.
[5] ACTLIDODERM 00475109 at 112-13.  In these minutes, the Commercial group is denoted with a (C).
[6] Watson claimed in the meet and confer that it will produce declarations that show these documents relate back to legal advice, but have not advised Plaintiffs of the substance of these declarations, or whether they will be supported with contemporaneous evidence, as opposed to after the fact rationalizations.
[7] Compare ACTLIDODERM 00121032 at 051 with replacement copy at ACTLIDODERM 00121032R.  *See, also* ACTLIDODERM 00087302 at 329; ACTLIDODERM 00114900 and replacement copy at 00114900R.
[8] *Andritz Sprout-Bauer, Inc. v. Beazer East, Inc*., 174 F.R.D. 609, 633 (M.D. Pa. 1997) (holding that privilege is waived when "communications are relayed to those who do not need the information to carry out their work or make effective decisions on the part of the company").
[9] ACTLIDODERM 00431858.

To:     The Honorable William H. Orrick
Re:     *In re Lidoderm Antitrust Litigation*
October 5, 2015
Page   3

assertion but has failed to explain the basis for its claim.

        *Second*, a lawyer's involvement does not make a launch willingness date, disseminated broadly for business purposes, privileged. A date set, as Watson has stated in correspondence, so that "**business personnel can then manage the business accordingly**"[10] is not privileged. Watson has not satisfied its burden of establishing that the sole purpose of these communications is to render or solicit legal advice, rather than business advice.[11]  The law is clear in the Ninth Circuit: "No privilege can attach to any communication as to which a business purpose would have served as a sufficient cause, *i.e.*, any communication that would have been made because of a business purpose, even if there had been no perceived additional interest in securing legal advice."[12]

        *Third*, even assuming that the redacted facts were privileged when written, there should be little dispute that the privilege was waived when the alleged privileged facts were shared with the FDA, its customers, *and the general public*.  Voluntary disclosure of purportedly privileged information serves to waive any claim of privilege.[13]  In February 2012, Watson told the FDA that "we have and are investing a significant amount to prepare for a July launch."[14] Five weeks later, the CEO, Mr. Bisaro, publicly announced that Watson was going to be ready to launch as soon as the 30-month patent litigation stay expired, by "mid-next year [2012]."[15] The launch date was also shared as early as September 2011 and January 2012 with customers, such as Harvard Drug Group, Omnicare and Walmart, with instructions to disseminate more broadly.[16] Repeated disclosures concerning the launch date waived any privilege that may have attached to internal business documents stating these facts.

**Defendants' Statement**

        Actavis does not believe there is a ripe dispute to bring to the Court.  Although the Parties have been engaged in a dispute process over redactions of so-called "launch" dates, which are

---

[10] Plaintiffs are prepared to provide these statements to the Court upon request.
[11] *See, e.g.*, *United States v. Richey*, 632 F.3d 559, 566-67 (9th Cir. 2011).  *See United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1076 (N.D. Cal. 2002) (Watson has the burden to make a "clear showing" that the advice was legal advice, not business advice); *United States v. Ruehle*, 583 F.3d 600, 608 n.8 (9th Cir. 2009) (noting that business advice does not fall within the purview of attorney-client privilege even if the advisor is a lawyer).
[12] *Apple Inc. v. Samsung Electronics Co., Ltd.*, 306 F.R.D. 234, 240-41 (N.D. Cal., 2015), quoting *McCaugherty v. Siffermann*, 132 F.R.D. 234, 238 (N.D. Cal. 1990).
[13] *In re Pacific Pictures Corp.*, 679 F.3d 1121, 1126-7 (9th Cir. 2012) (disclosure of purportedly privileged documents in response to request from United States Attorney's Office waived privilege).  Watson states, without citing any authority, that Plaintiffs have not established subject matter waiver.  They are wrong.  The case law is clear that  disclosures, such as the ones described herein, constitute waiver "as to all other communications on the same subject." *Hernandez v. Tannenin*, 604 F.3d 1095, 1100 (9th Cir. 2010) (disclosure by plaintiff of privileged communications concerning defendant's conduct waived the attorney-client privilege as to all communications concerning defendant's conduct).
[14] ACTLIDODERM 00734635.
[15] ACTLIDODERM 00441569.
[16] ACTLIDODERM 00732663-65; ACTLIDODERM 00732666-667; ACTLIDODERM00732655-658.  Watson redacted the launch date from these documents as well, although it is obvious on the face of these documents that they were shared with third-parties and thus did not retain any purported privilege.

estimates or projections of potential dates to bring a generic to market, Actavis informed the Plaintiffs on Friday, October 2, that it intends to unredact virtually all such dates from its document production, thereby obviating the need for court intervention or even this very "dispute" letter.  Actavis made clear to Plaintiffs that it would maintain its privilege claim only with respect to documents that seek or convey clear legal advice.  Plaintiffs refused to consider this as a resolution of the dispute and instead insisted that, with or without Actavis's involvement, it would bring this "dispute" to the Court today.

As a manufacturer of generic pharmaceuticals, Actavis is continually engaged in planning to bring generic drugs to market.  This effort involves the coordination of multiple segments of the company—including operations, marketing, regulatory and legal—working towards the regulatory approval, manufacturing and market "launch" of a generic drug.  Dates of potential generic "launch" or ANDA approval are used in a variety of sales forecasts, manufacturing estimates and other planning projections.  Actavis redacted such estimated "launch" dates as privileged, arguing that they reflect the legal assessments and advice of legal counsel regarding ongoing patent infringement litigation and the company's application for FDA approval to market generic Lidoderm, and Plaintiffs challenged those claims.  Mindful of the Court's order after the last Case Management Conference "to resolve" privilege disputes, and after further investigation and consideration by Actavis, Actavis has decided not to claim privilege over Lidoderm "launch" dates in most instances and to reproduce thousands of documents with those "launch" dates unredacted.

This past Friday, counsel for Actavis engaged Plaintiffs' counsel in a meet and confer in a good faith attempt to resolve the privilege dispute.  We informed Plaintiffs that Actavis was willing to unredact Lidoderm "launch" dates, and explained how Actavis's decision should resolve the dispute because, using Plaintiffs' own list of challenged documents as a proxy, information relating to Lidoderm "launch" dates would be unredacted in nearly all instances.  Rather than welcome this development, Plaintiffs responded inexplicably that this was insufficient.

Puzzled as to how there still could be a live dispute, we nonetheless tried to alleviate Plaintiffs' doubts in a follow up email by using some of the actual documents challenged by Plaintiffs.  Within a few hours of the meet and confer, we sent seven documents, all cited in Plaintiffs' draft dispute letter or their original list of challenged documents, as *examples* of the types of documents in which Actavis would unredact the Lidoderm "launch" dates.  Plaintiffs rejected this showing as insufficient because the email did not specifically address *other* documents containing Lidoderm "launch" dates.  Rather than seek clarification from Actavis on remaining questions, or afford Actavis an opportunity to unredact "launch" dates in accordance with Actavis's current position, Plaintiffs insisted on filing this discovery "dispute" letter.  But the fact that Actavis was unable on short order to make representations about every conceivable document containing Lidoderm "launch" dates does not mean that there is an actionable dispute.

To:     The Honorable William H. Orrick
Re:     *In re Lidoderm Antitrust Litigation*
October 5, 2015
Page   5

        It is hard to see how, after Actavis completes its revised production with unredacted Lidoderm "launch" dates, any dispute could remain.  At best, any future dispute is hypothetical.[17] Until then, there is no point in Plaintiffs submitting exemplar documents for *in camera* review if Actavis has withdrawn the privilege assertion for those documents.  Indeed, submitting the documents cited above for *in camera* review would be a waste of the Court's time and resources because Actavis plans to unredact Lidoderm "launch" dates in each of those documents.[18] Likewise, since Actavis plans to unredact the same type of information in thousands of other documents, *in camera* review of those documents would be wasteful and an opinion of the Court would be advisory.[19]  Actavis can commit to reproducing the unredacted documents within three weeks, after which time, if Plaintiffs continue to challenge any of the remaining redactions, the parties can conduct a proper meet and confer in an attempt to resolve any potential dispute and, if necessary, then bring an actionable, rather than hypothetical, dispute to the Court.[20]  But as of now, Defendants submit that there is no dispute requiring the Court's attention.

        Respectfully submitted,

*/s/ Karen Hoffman Lent*
Karen Hoffman Lent (admitted pro hac vice)
**SKADDEN, ARPS, SLATE, MEAGHER & FLOM**
Four Times Square
New York, New York 10036
Telephone: (212) 735-3000
Facsimile: (917) 777-3000
Karen.Lent@skadden.com

Steven C. Sunshine (admitted pro hac vice)
Sean M. Tepe (admitted pro hac vice)
**SKADDEN, ARPS, SLATE, MEAGHER & FLOM**
1440 New York Ave. NW

*/s/ Dena C. Sharp*
Daniel C. Girard (SBN 114826)
Dena C. Sharp (SBN 245869)
**GIRARD GIBBS LLP**
601 California Street, 14th Floor
San Francisco, CA 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846
Email: dcg@girardgibbs.com
Email: chc@girardgibbs.com

*/s/ Renae D. Steiner*
Renae D. Steiner
**HEINS MILLS & OLSON, P.L.C.**
310 Clifton Avenue

---

[17] We explained in the meet and confer that Actavis expected some launch date information could remain redacted, such as, for example, communications by or to counsel providing legal evaluations of "launch" dates.  Even with Plaintiffs' legally unsupported narrow conception of the attorney-client privilege and expansive interpretation of waiver, *see* Plaintiffs' Motion for Production or Alternatively For Preclusion of Evidence (Dkt. No. 273), it is difficult to envision a reasonable challenge to any remaining privilege assertions.  Plaintiffs mention waiver, but do not explain how waiver could exist as plaintiffs do not believe the information disclosed is privileged and Actavis is not asserting a privilege claim for Lidoderm launch dates under the current circumstances.

[18] ACTLIDODERM00475578 at -579, ACTLIDODERM 00475109 at -112-13, ACTLIDODERM 00121032 at -051, ACTLIDODERM 00087302 at -329, ACTLIDODERM00114866 at -900, ACTLIDODERM 00732663, ACTLIDODERM 00732666, and ACTLIDODERM00732655.

[19] Moreover, proceeding down this road of litigating a manufactured dispute delays the very thing Plaintiffs claim to want: unredacted Lidoderm "launch" dates so that they can proceed with depositions.

[20] Defendants also suggested that Plaintiffs may want to utilize the upcoming depositions to inquire into any remaining privilege claims over launch dates in order to better frame any potential issues for the Court, but Plaintiffs rejected this proposal because they prefer to depose who they consider to be the relevant witnesses later in the discovery period.

To:   The Honorable William H. Orrick
Re:   *In re Lidoderm Antitrust Litigation*
October 5, 2015
Page   6


Washington DC, 20005
Telephone: (202) 371-7000
Facsimile: (202) 393-5760
Steve.Sunshine@skadden.com
Sean.Tepe@skadden.com

James Schaefer (State Bar No. 250417)
**SKADDEN, ARPS, SLATE, MEAGHER
& FLOM**
525 University Avenue
Palo Alto, California 94301-1908
Telephone: (650) 470-4500
Facsimile: (650) 470-4570
James.Schaefer@skadden.com

*Attorneys for Defendants Actavis, Inc., Watson
Pharmaceuticals, Inc., Watson Laboratories,
Inc., Actavis plc., Anda Inc., Anda
Pharmaceuticals, Inc., and Valmed
Pharmaceuticals, Inc.*

Minneapolis, MN 55403
Telephone: (612) 338-4605
Facsimile: (612) 338-4692
Email: rsteiner@heinsmills.com

*/s/ J. Douglas Richards*
J. Douglas Richards
Sharon K. Robertson
Donna M. Evans
**COHEN MILSTEIN SELLERS & TOLL
PLLC**
88 Pine Street, 14th Floor
New York, New York 10005
Telephone: (212) 758-3042
Facsimile: (212) 838-7745

*Interim Co-Lead Counsel for the proposed
End-Payor Purchaser Class*

*/s/ Peter R. Kohn*
Peter R. Kohn
Joseph T. Lukens
**FARUQI & FARUQI LLP**
101 Greenwood Avenue
Suite 600
Jenkintown, PA 19046
Telephone: (215) 277-5770
Facsimile: (215) 277-5771
Email: pkohn@faruqilaw.com

*/s/ David S. Nalven*
Thomas M. Sobol
David S. Nalven
**HAGENS BERMAN SOBOL SHAPIRO
LLP**
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142
Telephone: (617) 482-3700
Email: tom@hbsslaw.com
Email: davidn@hbsslaw.com

*/s/ Noah Silverman*
Bruce E. Gerstein
Noah Silverman
Ephraim R. Gerstein

To:     The Honorable William H. Orrick
Re:     *In re Lidoderm Antitrust Litigation*
October 5, 2015
Page  7

**GARWIN GERSTEIN & FISHER LLP**
88 Pine Street, 10th Floor
New York, NY 10005
Telephone: (212) 398-0055
Facsimile: (212) 764-6620
Email: bgerstein@garwingerstein.com
Email: nsilverman@garwingerstein.com
Email: egerstein@garwingerstein.com

*Interim Co-Lead Counsel for the proposed*
*Direct Purchaser Class*

*/s/ Anna T. Neill*
Anna T. Neill
Scott E. Perwin
Lauren C. Ravkind
**Kenny Nachwalter P.A.**
1100 Miami Center
201 South Biscayne Boulevard
Miami, Fl 33131
Telephone: (305) 373-1000
Facsimile: (305) 372-1861
Email: Aneill@Knpa.Com

*Attorneys For Walgreen Plaintiffs*

*/s/ Barry L. Refsin*
Barry L. Refsin
**HANGLEY ARONCHICK SEGAL**
**PUDLIN & SCHILLER**
One Logan Square, 27th Floor
Philadelphia, PA 19103
Telephone:  (215) 496-7031
Facsimile:  (215) 568-0300
Email: brefsin@hangley.com

Monica L. Rebuck
Eric L. Bloom
**HANGLEY ARONCHICK SEGAL**
**PUDLIN & SCHILLER**
4400 Deer Path Road, Suite 200
Harrisburg, PA 17110
Telephone:  (717) 364-1007
Facsimile:  (717) 234-3982
Email: mrebuck@hangley.com

*Attorneys for Rite Aid Plaintiffs*

To:     The Honorable William H. Orrick
Re:     *In re Lidoderm Antitrust Litigation*
October 5, 2015
Page   8


                                        */s/ Todd A. Seaver*
                                        Todd A. Seaver
                                        **BERMAN DEVALERIO**
                                        Joseph J. Tabacco, Jr.
                                        Todd A. Seaver
                                        Sarah Khorasanee McGrath
                                        One California St., Suite 900
                                        San Francisco, CA 94111
                                        Telephone: (415) 433-3200
                                        Facsimile: (415) 433-6382

                                        Barbara Hart
                                        Peter D. St. Phillip
                                        Noelle Ruggiero
                                        **LOWEY DANNENBERG COHEN &
                                        HART,
                                        P.C.**
                                        One North Broadway
                                        White Plains, New York 10601
                                        Telephone: (914) 997-0500
                                        Facsimile: (914) 997-0035

                                        Mark D. Fisher
                                        Robert Griffith
                                        **RAWLINGS & ASSOCIATES PLLC**
                                        One Eden Way
                                        LaGrange, KY 40031-8100
                                        Telephone: (502) 587-1279

                                        *Attorneys for Plaintiff Government Employees
                                        Health Association*


## ATTESTATION

        I, Dena C. Sharp, am the ECF User whose ID and password are being used to file this

Joint Discovery Letter Brief. In compliance with Local Rule 5-1(i)(3), I hereby attest that all

signatories listed, and on whose behalf the filing is submitted, have concurred in this filing.

                                        */s/ Dena C. Sharp*
                                        Dena C. Sharp

**CERTIFICATE OF SERVICE**

I, Dena C. Sharp, hereby certify that on October 5, 2015, I caused the foregoing

document to be filed electronically with the United States District Court for the Northern District

of California's through the Court's mandated ECF service. Counsel of record are required by the

Court to be registered e-filers, and as such are automatically e-served with a copy of the

document(s) upon confirmation of efiling.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 5th

day of October, 2015 at San Francisco, California.

*/s/ Dena C. Sharp*