UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED FOOD AND COMMERCIAL WORKERS LOCAL 1776 & PARTICIPATING EMPLOYERS HEALTH AND WELFARE FUND, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>TEIKOKU PHARMA USA, INC., et al.,<br><br>Defendants. | Case No. 14-md-02521-WHO<br><br>**ORDER ON MOTION FOR PRODUCTION OR PRECLUSION**<br><br>Re: Dkt. No. 278 |

On November 23, 2015, I heard argument on plaintiffs' Motion for Production or Alternatively for Preclusion. Through that motion, plaintiffs ask me to find that defendant Endo Pharmaceuticals, Inc. has placed "at issue" the following topics:

(a) Endo's assessment of the strength of the relevant patents and its expectations concerning the outcome of the patent litigations;
(b) Endo's reasons, explanations and intentions for the Payments, and its beliefs about the impact the Payments would have on competition;
(c) Endo's beliefs about Watson's final ANDA approval and an at-risk launch by Watson;
(d) Endo's reasons or incentives, if any, for agreeing to a generic entry date before September 2013; and
(e) Endo's intention to launch an authorized generic version of Lidoderm.

Motion at 3.

These topics became at issue, plaintiffs assert, because in its discovery responses in this case Endo incorporated a White Paper that it submitted to the FTC defending the *Watson* settlement as procompetitive. In that White Paper, Endo repeatedly explains its subjective beliefs about the strength of the *Watson* litigation and the FDA regulatory proceedings in seeking to dispel the idea that the settlement was meant to delay generic entry into the market. By placing these topics "at issue," plaintiffs contend that Endo has waived any attorney-client privilege or work product doctrine protection for documents and communications regarding them. Plaintiffs ask me to either (i) order Endo to produce documents on these topics withheld under the attorney-

client or work product doctrines, or (ii) require Endo to either elect a waiver for certain topics or preclude Endo from relying on its subjective belief and related evidence at summary judgment or trial. Dkt. No. 278.

Endo responded at the hearing that it is not placing its subjective beliefs about these topics at issue in defending this case. Endo asserts that it will be able to prove its affirmative defenses under *F.T.C. v. Actavis, Inc.*, 133 S. Ct. 2223 (2013) by relying on objective evidence, such as by relying on the same evidence Endo put on in the *Watson* litigation and expert witness testimony regarding the same, as well as expert testimony regarding the regulatory proceedings. At oral argument, it referred me to the decisions of the Hon. Mitchell S. Goldberg in *King Drug Co. of Florence v. Cephalon, Inc.*, No. 2:06-CV-1797 (E.D. Pa.), where in a reverse-payment antitrust case Judge Goldberg identified the parameters of defense experts' testimony regarding defendants' affirmative defense that their reverse-payment settlement was procompetitive. *King Drug Co. of Florence v. Cephalon, Inc.*, No. 2:06-CV-1797 (E.D. Pa.), Dkt. Nos. 861, 888.

In light of the defendants' assertion of the attorney-client and work product doctrines, Judge Goldberg intends to preclude defendants' experts from offering opinions as to the antitrust defendants' subjective intent as well as testimony on behalf of a patent holder that a reverse-payment settlement was procompetitive because it resolved its litigation uncertainty. Dkt. No. 861 at 3,12-13, 16; Dkt. No. 887 at 40-41 (excluding expert testimony that he would have counseled generic defendant to have settled Paragraph IV litigation). Judge Goldberg would allow defense experts to testify as to objective economic analysis of the settlement agreements, which presumably is the path defendants intend to follow in this case.[1] *Id*. at 12; *see also* Dkt. No. 888 at 2-3 (allowing expert testimony as to Hatch-Waxman administrative framework, legal standards applicable to Paragraph IV litigation, and arguments made by parties in Paragraph IV litigation for the limited purpose of demonstrating on *ex ante* basis the strength of the patent and that patent holder's Paragraph IV positions were reasonable at the time of settlement).

---

[1] Judge Goldberg's decisions are somewhat tentative depending upon how the trial proceeds and, in part, upon what the evidence plaintiffs introduce at trial. Dkt. 887 at 12. However, Judge Goldberg allowed the Generic Defendants' experts to testify regarding how litigation certainty provides pro-competitive benefits for those defendants because that consideration does not implicate anticompetitive motivations. Dkt. 861 at 17.

The parameters outlined by Judge Goldberg seem sensible.  At this early juncture in this case, and in light of Endo's express disclaimer of any intent to rely on its subjective belief, I will not find that Endo has broadly placed at issue unidentified documents and communications that would normally be protected by the attorney-client or work product doctrines.  Plaintiffs may, as this case goes forward, reassert the waiver issue with respect to specifically identified documents or communications so that I may rule on discrete waiver assertions.

I do not agree, however, with Endo's characterization of the White Paper as merely relying on the public record and objective evidence.  As an example, Endo repeatedly refers to its confidence related to various litigation-related matters.  It is inconsistent for Endo to incorporate its entire White Paper in response to a discovery request and for it now to assert that it will not rely on its subjective beliefs.  Accordingly, by **December 15, 2015**, Endo will serve an amended discovery response that redacts from the White Paper all statements of subjective belief on which it does not rely.

To be clear, defendants will generally be entitled to assert the attorney-client privilege and work product protection for documents and communications regarding the *Watson* litigation and settlement *only* if they continue to avoid reliance on their subjective beliefs, including expert testimony about their subjective beliefs, in proving their affirmative defenses.  Also, along the lines of Judge Goldberg's rulings, defense experts will not be able to opine about Endo's litigation uncertainty.  Nor will the experts be able to opine on what they would have advised Endo or Watson to do regarding the status of the Paragraph IV litigation.  Defense experts will otherwise be able to opine about the procompetitive merits of the settlement.

For the reasons discussed, plaintiffs' Motion for Production or Alternatively for Preclusion is GRANTED in part and DENIED in part.

**IT IS SO ORDERED**.

Dated: December 3, 2015



WILLIAM H. ORRICK
United States District Judge

3