UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE LIDODERM ANTITRUST LITIGATION | Case No. 14-md-02521-WHO<br><br>**ORDER CONCERNING CLAW BACKS** |

During the monthly telephonic status conference call on December 8, 2015, plaintiffs raised the inefficiencies and expense caused by defendants' repeated assertions of their right to claw back privileged documents pursuant to the Protective Order and Federal Rule of Civil Procedure 26.  Plaintiffs, understandably, would like certainty concerning the documents that they may use in this litigation, and requested that I set a date certain beyond which defendants may not claw back documents.  Defendants described again the pains they have taken to identify privileged documents, not to mention the substantial expense in doing so, and the difficulties stemming from the amount of privileged material from the Watson litigation, the volume of documents that are in Japanese, and the independent review process of the defendant companies with a common interest privilege as to certain documents.  Neither side had briefed this issue.

I will not set a hard deadline regarding claw backs at this time.  It appears that the defendants have worked diligently to reduce the need to claw back documents but I would not be surprised if good cause exists in the future to claw back others.  I also assume that such a need will be rare and will diminish over time.  I can imagine imposing a hard deadline later in the case; indeed, it is hard to imagine the reverse because parties need certainty in trial preparation and important motion practice.

1 Defendants suggested that I rule that a party's failure to claw back a document will not create a subject matter waiver with respect to the privilege of other documents like or related to the non-clawed back document. I will not issue a general ruling of that sort. However, I encourage the parties to reach pragmatic agreements, either on a document by document basis or that reach more broadly, to allow discovery to proceed as expeditiously as is reasonable.

**IT IS SO ORDERED**.

Dated: December 9, 2015



WILLIAM H. ORRICK
United States District Judge