UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES</u>

| **Date:** January 12, 2016 | **Time:** 32 minutes<br>3:30 p.m. to 4:02 p.m. | **Judge:** WILLIAM H. ORRICK |
|---|---|---|
| **Case No.**: 14-md-02521-WHO | **Case Name:** In re Lidoderm Antitrust Litigation | |

**Counsel participating in the call:**

| | |
|---|---|
| Atty: David Nalven and Peter Kohn | Client: Direct purchaser plaintiffs |
| Atty: Dena Sharp | Client: Indirect/End payor plaintiffs |
| Atty: Lauren C. Ravkind | Client: Walgreen Co. |
| Atty: Daniel Thiel | Client: Rite Aid |
| Atty: Joseph Meckes | Client: Teikoku Pharma USA, Inc. |
| Atty: Karen Lent and Shawn Tepe | Client: Actavis Plc. |
| Atty: Steve Reade | Client: Endo Pharmaceuticals |

**Deputy Clerk:** Jean Davis            **Court Reporter:** n/a

PROCEEDINGS

Parties appear telephonically for status conference (additional counsel may have attended the telephone conference who are not listed; only those who planned to address the Court are noted above). The Court addressed the three discovery matters that were presented in joint letters, heard argument, and invited discussion of the ongoing status of the litigation.

With respect to the discovery matters, I have reviewed the authorities cited by the parties in their letters and having heard argument on these issues now rule as follows:

January 11, 2016 letter: Relevance of the transaction level data is undisputed. It is taking a very long time to produce. Endo has indicated an intention to provide the documents within thirty days. The Court would like to see the production completed prior to the next status conference set in this case for February 2, 2016.

December 30, 2015 letter: The claw back procedure is generally as the defendants suggest under Rule 26(b)(5)(B). In camera review will suffice for clawed back documents, and plaintiffs may not utilize the contents of the documents at issue (other than from their recollection prior to claw back) to argue against claw back.

December 17, 2015 letter:

<u>The Mori Report</u>.  Based on the record before me, including the representation from Noriyuki Shimoda about his contemporaneous advice, I find that this document is akin to the Shimoda email addressed in my November 25, 2015 Order, is a memorialization of an attorney-client communication from Shimoda to Teikoku executives, and is protected from disclosure.

<u>The Kato Meeting Minutes</u>.  On the record, I find that the redacted material ("Status of Lawsuit" "Timing of Submission of Citizen Petition" and "Settlement Negotiations") is a memorialization of attorney advice.  But because that advice was shared in a meeting between Endo and Teikoku, the privilege is waived unless the joint defense or common interest "privilege" applies.  With respect to the "Status of Lawsuit" and "Settlement Negotiations" sections, I find that the joint defense/common interest privilege against waiver applies.  Based on the record before me it is clear that Teikoku and Endo were jointly involved and pursuing a common legal strategy with respect to the settlement of the Watson litigation.  Significant to this determination are the facts that Teikoku and Endo were both defendants in the Watson litigation and were being jointly represented.  The fact that Teikoku arguably made contrary representations to the FTC does not undermine the actual evidence that Teikoku played a significant role in reviewing and commenting on the contours of the Watson settlement that was being negotiated at the time the Kato Meeting Minutes were drafted.

With respect to the "Timing of Submission of Citizen Petition" section, I have concerns about how far the joint defense/common interest privilege can extend and whether it can cover discussions about Endo's Citizen Petition with the FDA.  The parties indicated that a joint discovery dispute on this topic will be forthcoming.  I will address whether there has been a waiver of attorney-client privilege as to this section of the Kato Meeting Minutes when I resolve that forthcoming discovery dispute.

<u>February 2, 2012 Email</u>.    On the record before me, I find that this email is a memorialization of attorney client information.  However, since that information was shared between Teikoku and Endo, I must again determine whether the joint defense/common interest privilege applies to each of the six substantive sentences in the email.

I conclude that the first sentence expressly regarding settlement discussions with Watson is protected.

The second and third sentences relate to the Citizen Petition, and I will address them when ruling on the forthcoming discovery dispute.

There is no explanation as to why the fourth sentence is directly relevant to Teikoku and Endo's settlement discussions such that it can be covered by the joint defense/common legal interest privilege.  Therefore, the fourth sentence should be unredacted and produced to plaintiffs.

The fifth and sixth sentences deal solely with how and why Teikoku and Endo proposed to fund the cost of a potential settlement with Watson.  Although Teikoku argues that fixing the parameters of the cost split was a necessary predicate to engaging in meaningful settlement negotiations with Watson, I conclude that the joint defense/common interest privilege cannot extend to cover these two sentences and these two sentences should be unredacted and produced to plaintiffs.

      Significant to this determination are the facts that: (i) Teikoku and Endo are clearly adverse on this issue which resulted in a separate stand-alone agreement between them; (ii) there is no common legal (as opposed to commercial) interest between them on this issue; (iii) the discussion of this topic as presented in the email was not in furtherance of their joint strategy with respect to the Watson litigation; and (iv) there is no evidence that how the settlement will be funded as between Teikoku and Endo was a necessary part of either Teikoku or Endo's agreement to settle the Watson litigation (and any such assertion would be belied by the fact that the final cost split between Teikoku and Endo was only agreed to significantly after the Watson settlement was reached).  I do not reach whether other discussions between Teikoku and Endo as to the cost split for the Watson settlement might be covered by the joint defense/common interest privilege.  I will review any future disputes when and if they arise as that determination depends on the context and timing of the discussions at issue.

      SO ORDERED.