UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED FOOD AND COMMERCIAL WORKERS LOCAL 1776 & PARTICIPATING EMPLOYERS HEALTH AND WELFARE FUND, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>TEIKOKU PHARMA USA, et al.,<br><br>Defendants. | Case No. 14-md-02521-WHO<br><br>**ORDER RE DISCOVERY DISPUTE WITH RETAILER PLAINTIFFS**<br><br>Re: Dkt. No. 444 |

Defendants contend that Retailer Plaintiffs (who are proceeding as direct purchaser plaintiffs on claims assigned from wholesalers) should be required to produce unredacted copies of their contracts with the wholesalers. Dkt. No. 444. Defendants argue that information is relevant and necessary to allow defendants: (i) to understand the contractual relationship between the wholesalers and Retailers; (ii) to understand the transactional data regarding Retailer purchases; and (iii) to inform "the nature" of the Retailer purchasers in the "but for" world absent the challenged settlement. *Id*. at 1-2. Defendants also argue that the discovery is potentially relevant to a "cost-plus" "pass-on" defense left open by the Supreme Court in *Hanover Shoe, Inc. v. United Machinery Corp.*, 392 U.S. 481, 494 (1968).

Retailer Plaintiffs object to producing this "downstream" discovery, arguing it is legally irrelevant because the measure of damages in this case will be the overcharges suffered by the wholesalers and, therefore, the profits of the wholesales and whether they "passed along" and overcharges to the Retailers is irrelevant. The Retailers also argue that the information sought is "among its most competitively sensitive trade secrets," and should not be produced when it is legally irrelevant. Dkt. No. 444 at 5. The Retailers assert that they have produced data showing their purchases of Lidoderm from the wholesalers and are in the process of producing the

provisions in the supply contracts that obligated the wholesalers to make the assignments to the Retailers.

On the record before me, I DENY defendants' motion to compel the production of the unredacted contracts. Despite having taken at least two Retailer Plaintiffs' depositions, defendants do not explain exactly *how* they have been put at a disadvantage by the Retailers' failure to disclose the full terms of the contracts between Retailers and wholesalers. Moreover, as to any potential relevance to damages, courts (including courts handling similar pay-for-delay generic pharmaceutical cases) have uniformly denied the type of downstream discovery sought here from DPPs. *See, e.g., In re Skelaxin Antitrust Litigation*, 292 F.R.D. 544, 552 (E.D. Tenn. 2013); *In re K-Dur Antitrust Litigation*, 2007WL 5302308, *12 (D.N.J. 2007). If defendants intend to argue that the "cost-plus" exception to the otherwise blocked off pass-on defense applies in this case, defendants may separately brief that issue and I will revisit whether the contracts at issue are therefore relevant.[1]

**IT IS SO ORDERED**.

Dated: April 18, 2016

_____
WILLIAM H. ORRICK
United States District Judge

---

[1] I note that defendants do not cite any decisions, much less decisions arising in the pay-for-delay context, and the cases relied on by the Retailers question the "narrow" exception's continued viability. *See, e.g., In re K-Dur Antitrust Litigation*, 2007WL 5302308, *7 (D.N.J. 2007) (explaining that the "narrow" cost-plus exception" requires "essential elements" of "fixed quantity, fixed price and pre-existing contracts."); *see also In re Niaspan Antitrust Litig.*, No. 13-md-2460, 2015 WL 4197590, *1-*2 (E.D. Pa. July 9, 2015) (rejecting request for downstream discovery as to the "generic bypass" defense, because DPP "sales, profits and revenues is not relevant under Federal Rule of Civil Procedure"); *In re Skelaxin (Metaxalone) Antitrust Litig.*, No. 12-md-2343, 2014WL 2002887, *5 (E.D. Tenn. May 15, 2014) (same).