EXHIBIT 71

## Chart of State Antitrust Laws

| State | Antitrust Statute | Authorization of Indirect Purchaser Actions | Provision That Parallels Federal Law | Interpretation Conforms to Federal Law |
|---|---|---|---|---|
| Arizona | Ariz. Rev. Stat. Ann. §§ 44-1401, *et. seq.* | *Bunker's Glass Co. v. Pilkington PLC*, 75 P.3d 99, 102-09 (Ariz. 2003) (en banc) ("Nothing in [the language of the Arizona antitrust statute] restricts the right of action to direct purchasers injured by violations of the Arizona Antitrust Act or precludes indirect purchasers from suing. Indeed the Court of Appeals reasoned, and we agree, that by defining the term "person" to include an "individual," the legislature signaled its intent to allow indirect purchasers to sue, because individuals are rarely direct purchasers.") | Ariz. Rev. Stat. Ann. § 44-1402 ("A contract, combination or conspiracy between two or more persons in restraint of, or to monopolize, trade or commerce, any part of which is within this state, is unlawful.") | Ariz. Rev. Stat. Ann. § 44-1412 ("This article shall be applied and construed to effectuate its general purpose to make uniform the law with respect to the subject of this article among those states that enact it. It is the intent of the legislature that in construing this article, the courts may use as a guide interpretations given by the federal courts to comparable federal antitrust statutes.") |
| California | Cal. Bus. & Prof. Code § 16720, *et seq.* | Cal. Bus. & Prof. Code. § 16750 ("This action may be brought by any person who is injured in his or her business or property by reason of anything forbidden or declared unlawful by this chapter, regardless of whether such injured person dealt directly or indirectly with the defendant.") | Cal. Bus. & Prof. Code § 16720 ("A trust is a combination of capital, skill or acts by two or more persons for any of the following purposes: (a) To create or carry out restrictions in trade or commerce.") | *In re Cipro I & II*, 348 P.3d 845 (Cal. 2015) (interpreting state law in accordance with *Actavis*) |

| **State** | **Antitrust Statute** | **Authorization of Indirect Purchaser Actions** | **Provision That Parallels Federal Law** | **Interpretation Conforms to Federal Law** |
|---|---|---|---|---|
| Florida | Fla. Stat. Ann. §§ 501.201, *et seq.*; Fla. Stat. Ann. § 501.204; *Mack v. Bristol-Myers Squibb, Co.*, 673 So. 2d 100, 104 (Fla. App. 1996) ("the acts proscribed by subsection 501.204(1) include antitrust violations") | *Mack*, 673 So. 2d at 110 ("the Florida DTPA clearly expresses the legislative policy to authorize consumers (that is, indirect purchasers) to bring actions under the Florida DTPA for price-fixing conduct"); *California v. Infineon Technologies AG*, No. C 06-4333 PJH, 2008 WL 4225459 (N.D. Cal. Sept. 11, 2008) ("*Mack* holds that indirect purchasers have standing to pursue claims under Florida's Deceptive and Unfair Trade Practices Act") | | Fla. Stat. Ann. § 501.204 ("It is the intent of the Legislature that, in construing subsection (1), due consideration and great weight shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to s. 5(a)(1) of the Federal Trade Commission Act, 15 U.S.C. s. 45(a)(1) as of July 1, 2015."); *California Dental Ass'n v. F.T.C.*, 526 U.S. 756, 760 n.3 ("The FTC Act's prohibition of unfair competition and deceptive acts or practices, 15 U.S.C. § 45(a)(1), overlaps the scope of § 1 of the Sherman Act, 15 U.S.C. § 1, aimed at prohibiting restraint of trade, *FTC v. Indiana Federation of Dentists,* 476 U.S. 447, 454-455, 106 S.Ct. 2009, 90 L.Ed.2d 445 (1986)"); *see also In re Nexium (Esomeprazole) Antitrust Litig.*, 297 F.R.D. 168, 175 (D. Mass. 2013) (*citing Mack*, 673 So. 2d at 104) ("violation of traditional antitrust elements constitutes a violation of the [Florida consumer protection statute]") |

| **State** | **Antitrust Statute** | **Authorization of Indirect Purchaser Actions** | **Provision That Parallels Federal Law** | **Interpretation Conforms to Federal Law** |
|---|---|---|---|---|
| Kansas | Kan. Stat. Ann. §§ 50-101, *et seq.* | Kan. Stat. Ann. § 50-161(b) ("Except as provided in K.S.A. 12-205, and amendments thereto, any person who may be damaged or injured by any agreement, monopoly, trust, conspiracy or combination which is declared unlawful by the Kansas restraint of trade act shall have a cause of action against any person causing such damage or injury. Such action may be brought by any person who is injured in such person's business or property by reason of anything forbidden or declared unlawful by the Kansas restraint of trade act, regardless of whether such injured person dealt directly or indirectly with the defendant."); *see also* Kan. Stat. Ann. § 50-163(d) ("The Kansas restraint of trade act shall not be construed to prohibit . . . action or proceedings by indirect purchasers pursuant to K.S.A. 50-161, and amendments thereto") | Kan. Stat. Ann. § 50-112 ("Except as provided in K.S.A. 50-163, and amendments thereto, all arrangements, contracts, agreements, trusts, or combinations between persons made with a view or which tend to prevent full and free competition in the importation, transportation or sale of articles imported into this state, or in the product, manufacture or sale of articles of domestic growth or product of domestic raw material, or for the loan or use of money, or to fix attorney or doctor fees, and all arrangements, contracts, agreements, trusts or combinations between persons, designed or which tend to advance, reduce or control the price or the cost to the producer or to the consumer of any such products or articles, or to control the cost or rate of insurance, or which tend to advance or control the rate of interest for the loan or use of moneys to the borrower, or any other services, are hereby declared to be against public policy, unlawful and void.") | Kan. Stat. Ann. § 50-163(b) ("Except as otherwise provided in subsections (d) and (e), the Kansas restraint of trade act shall be construed in harmony with ruling judicial interpretations of federal antitrust law by the United States supreme court.") |

| State | Antitrust Statute | Authorization of Indirect Purchaser Actions | Provision That Parallels Federal Law | Interpretation Conforms to Federal Law |
|---|---|---|---|---|
| Maine | Me. Rev. Stat. Ann., tit. 10, §§ 1101, *et seq.* | Me. Rev. Stat. Ann., tit. 10, § 1104(1) ("Any person, including the State or any political subdivision of the State, injured directly or indirectly in its business or property by any other person or corporation by reason of anything forbidden or declared to be unlawful by section 1101, 1102 or 1102-A, may sue for the injury in a civil action.") | Me. Rev. Stat. Ann. tit. 10, § 1101 ("Every contract, combination in the form of trusts or otherwise, or conspiracy, in restraint of trade or commerce in this State is declared to be illegal") | *McKinnon v. Honeywell Int'l Inc.*, 977 A.2d 420 (Me. 2009) ("we look to both state and federal antitrust law for guidance in the interpretation of the Maine antitrust statute") |
| Massachusetts | Mass. Gen. Laws Ann. ch. 93A, §§ 1, *et seq.*; *Ciardi v. F. Hoffman-La Roche, Ltd.*, 762 N.E.2d 303, 309 (Mass. 2002) ("the allegations in the plaintiff's complaint, which in essence state that the defendants engaged in price-fixing of vitamin products at artificially inflated levels to her detriment would, if proven, clearly state a violation of G.L. c. 93A") | *Ciardi*, 762 N.E.2d at 309-14 (indirect purchasers can recover damages for antitrust violations under the consumer protection statute) | | *In re Nexium (Esomeprazole) Antitrust Litig.*, 297 F.R.D. 168, 175 (D. Mass. 2013) (citing *Ciardi*, 762 N.E.2d at 308-09) ("as to the four states in which the named End–Payors make their claims under those states' consumer protection laws (Florida, California, Massachusetts, and Vermont), courts have held that the violation of traditional antitrust elements constitutes a violation of the relevant consumer protection statute") |
| Minnesota | Minn. Stat. Ann. §§ 325D.49, *et seq.* | Minn. Stat. Ann. § 325D.57 ("Any person, any governmental body, or the state of Minnesota or any of its subdivisions or agencies, injured directly or indirectly by a violation of sections 325D.49 to 325D.66, shall recover three times the actual damages sustained, together with costs and disbursements, including reasonable attorneys' fees.") | Minn. Stat. Ann. § 325D.51 ("A contract, combination, or conspiracy between two or more persons in unreasonable restraint of trade or commerce is unlawful.") | *Lorix v. Crompton Corp.*, 736 N.W.2d 619, 626–29 (Minn. 2007) (en banc) ("Minnesota antitrust law is generally interpreted consistently with federal antitrust law.") |

| **State** | **Antitrust Statute** | **Authorization of Indirect Purchaser Actions** | **Provision That Parallels Federal Law** | **Interpretation Conforms to Federal Law** |
|---|---|---|---|---|
| Nevada | Nev. Rev. Stat. §§ 598A.010, *et seq.* | Nev. Rev. Stat. § 598A.210(2) ("Any person injured or damaged directly or indirectly in his or her business or property by reason of a violation of the provisions of this chapter may institute a civil action and shall recover treble damages, together with reasonable attorney fees and costs.") | Nev. Rev. Stat. § 598A.060 ("Every activity enumerated in this subsection constitutes a contract, combination or conspiracy in restraint of trade, and it is unlawful to conduct any part of any such activity in this State: (a) Price fixing, which consists of raising, depressing, fixing, pegging or stabilizing the price of any commodity or service") | Nev. Rev. Stat. § 598A.050 ("The provisions of this chapter shall be construed in harmony with prevailing judicial interpretations of the federal antitrust statutes.) |
| New Hampshire | N.H. Rev. Stat. §§ 356:1, *et seq.* | N.H. Rev. Stat. § 356:11 ("Any person injured in his business or property by reason of a violation of this chapter may recover the actual damages sustained, and as determined by the court, the costs of the suit and reasonable attorney's fees regardless of whether that person dealt directly or indirectly with the defendant.") | N.H. Rev. Stat. § 356:2 ("Every contract, combination, or conspiracy in restraint of trade is unlawful.") | N.H. Rev. Stat. § 356:14 ("In any action or prosecution under this chapter, the courts may be guided by interpretations of the United States' antitrust laws.") |
| New Mexico | N.M. Stat. Ann. § 57-1-1, *et seq.* | N.M. Stat. Ann. § 57-1-3 ("All contracts and agreements in violation of Section 57-1-1 or 57-1-2 NMSA 1978 shall be void, and any person threatened with injury or injured in his business or property, directly or indirectly, by a violation of Section 57-1-1 or 57-1-2 NMSA 1978 may bring an action for appropriate injunctive relief, up to threefold the damages sustained and costs and reasonable attorneys' fees.") | N.M. Stat. Ann. § 57-1-1 ("Every contract, agreement, combination or conspiracy in restraint of trade or commerce, any part of which trade or commerce is within this state, is unlawful.") | N.M. Stat. Ann. § 57-1-15 ("Unless otherwise provided in the Antitrust Act, the Antitrust Act shall be construed in harmony with judicial interpretations of the federal antitrust laws. This construction shall be made to achieve uniform application of the state and federal laws prohibiting restraints of trade and monopolistic practices.") |

| **State** | **Antitrust Statute** | **Authorization of Indirect Purchaser Actions** | **Provision That Parallels Federal Law** | **Interpretation Conforms to Federal Law** |
|---|---|---|---|---|
| New York | N.Y. Gen. Bus. Law §§ 340, *et seq.* | N.Y. Gen. Bus. Law § 340[6] ("In any action pursuant to this section, the fact that the state, or any political subdivision or public authority of the state, or any person who has sustained damages by reason of violation of this section has not dealt directly with the defendant shall not bar or otherwise limit recovery . . .") | N.Y. Gen. Bus. Law § 340[1] ("Every contract, agreement, arrangement or combination whereby . . . Competition or the free exercise of any activity in the conduct of any business, trade or commerce or in the furnishing of any service in this state is or may be restrained or whereby For the purpose of establishing or maintaining any such monopoly or unlawfully interfering with the free exercise of any activity in the conduct of any business, trade or commerce or in the furnishing of any service in this state any business, trade or commerce or the furnishing of any service is or may be restrained, is hereby declared to be against public policy, illegal and void.") | *Reading Intern., Inc. v. Oaktree Capital Mgmt. LLC*, 317 F. Supp. 2d 301, 332-33 (S.D.N.Y. 2003) (quoting *Altman v. Bayer Corp.*, 125 F.Supp.2d 666, 672 (S.D.N.Y.2000)) ("Under New York law, the state and federal antitrust statutes "require identical basic elements of proof."); *Gebman v. Kelly*, No. 08-CV-307, 2008 WL 3413955, at *4 ("Courts generally interpret New York's Donnelly Act "in a fashion identical to its federal counterpart, the Sherman Act.") (quoting *North County Communications Corp. v. Verizon New York, Inc.*, 233 F. Supp. 2d 381, 385 (N.D.N.Y. 2002)). |
| North Carolina | N.C. Gen. Stat. §§ 75-1, *et seq.* | N.C. Gen. Stat. § 75-16; *Teague v. Bayer AG*, 671 S.E.2d 550, 555 (N.C. Ct. App. 2005), *review denied*, 363 N.C. 381 (citing *Hyde v. Abbott Labs., Inc.*, 473 S.E.2d 680, 688 (N.C. Ct. App. 1996)) ("indirect purchasers have standing under N.C. Gen.Stat. § 75–16 to sue under the antitrust laws of North Carolina") | N.C. Gen. Stat. § 75-1 ("Every contract, combination in the form of trust or otherwise, or conspiracy in restraint of trade or commerce in the State of North Carolina is hereby declared to be illegal.") | *Crain v. Debartolo*, No. 7:14-CV-29-D, 2015 WL 73961, at *8 n.3 (quoting *Hyde*, 473 S.E.2d at 684) ("'Federal case law interpretations of the federal antitrust laws are persuasive authority in construing [North Carolina] antitrust statutes.'") |

| State | Antitrust Statute | Authorization of Indirect Purchaser Actions | Provision That Parallels Federal Law | Interpretation Conforms to Federal Law |
|---|---|---|---|---|
| North Dakota | N.D. Cent. Code §§ 51-08.1-01, *et seq.* | N.D. Cent. Code § 51-08.1-08(3) ("In any action for damages under this section, the fact that the state, political subdivision, public agency, or person threatened with injury or injured in its business or property by any violation of the provisions of this chapter has not dealt directly with the defendant does not bar recovery.") | N.D. Cent. Code § 51-08.1-02 ("A contract, combination, or conspiracy between two or more persons in restraint of, or to monopolize, trade or commerce in a relevant market is unlawful.") | |
| South Dakota | S.D. Codified Laws §§ 37-1-3.1, *et seq.* | S.D. Codified Laws § 37-1-33 ("No provision of this chapter may deny any person who is injured directly or indirectly in his business or property by a violation of this chapter the right to sue for and obtain any relief afforded under § 37-1-14.3.") | S.D. Codified Laws § 37-1-3.1 ("A contract, combination, or conspiracy between two or more persons in restraint of trade or commerce any part of which is within this state is unlawful.") | S.D. Codified Laws § 37-1-22 ("It is the intent of the Legislature that in construing this chapter, the courts may use as a guide interpretations given by the federal or state courts to comparable antitrust statutes."); *Byre v. City of Chamberlain*, 362 N.W.2d 69, 74 (S.D. 1985) ("because of the similarity of language between the federal and state antitrust statutes and because of the legislative suggestion for interpretation found in SDCL 37–1–22, great weight should be given to the federal cases interpreting the federal statute") |

| **State** | **Antitrust Statute** | **Authorization of Indirect Purchaser Actions** | **Provision That Parallels Federal Law** | **Interpretation Conforms to Federal Law** |
|---|---|---|---|---|
| Tennessee | Tenn. Code Ann. §§ 47-25-101, *et seq.* | Tenn. Code Ann. § 47-25-106; *Freeman Indus. LLC v. Eastman Chem. Co.*, 172 S.W.3d 512, 517 (Tenn. 2005) ("the plain language of section 47-25-106 provides a cause of action to indirect purchasers") | Tenn. Code Ann. § 47-25-101 ("All arrangements, contracts, agreements, trusts, or combinations between persons or corporations made with a view to lessen, or which tend to lessen, full and free competition in the importation or sale of articles imported into this state, or in the manufacture or sale of articles of domestic growth or of domestic raw material, and all arrangements, contracts, agreements, trusts, or combinations between persons or corporations designed, or which tend, to advance, reduce, or control the price or the cost to the producer or the consumer of any such product or article, are declared to be against public policy, unlawful, and void.") | *Freeman Indus. LLC v. Eastman Chem. Co.*, 172 S.W.3d 512, 521 (Tenn. 2005) (court considers "state antitrust regulations to supplement and complement the federal antitrust laws and the enforcement of these state laws to be consistent with the federal antitrust laws.") |
| West Virginia | W. Va. Code Ann. §§ 47-18-1, *et seq.* | W. Va. Code St. R. § 142-9-2 ("Any person who is injured directly or indirectly by reason of a violation of the West Virginia Antitrust Act, W. Va. Code § 47-18-1, et seq., may bring an action for damages under W. Va. Code § 47-18-9."); *California v. Infineon Technologies AG*, 531 F. Supp. 2s 1124, 1154 (N.D. Cal. 2007) ("the court finds that plaintiffs' claims on behalf of indirect purchasers under the [West Virginia] antitrust statute are permissible") | W. Va. Code Ann. § 47-18-3(a) ("Every contract, combination in the form of trust or otherwise, or conspiracy in restraint of trade or commerce in this State shall be unlawful.") | W. Va. Code Ann. § 47-18-16 ("This article shall be construed liberally and in harmony with ruling judicial interpretations of comparable federal antitrust statutes."); *Gray v. Marshall County Bd. Of Educ.*, 367 S.E.2d 751, 755 (W.Va. 1988) ("we are directed by the legislature to apply the federal decisional law interpreting the Sherman Act to our own parallel anti-trust statute") |

| State | Antitrust Statute | Authorization of Indirect Purchaser Actions | Provision That Parallels Federal Law | Interpretation Conforms to Federal Law |
|---|---|---|---|---|
| Wisconsin | Wisc. Stat. Ann. §§ 133.01, *et seq.* | Wisc. Stat. Ann. § 133.18(1)(a) ("Except as provided under par. (b), any person injured, directly or indirectly, by reason of anything prohibited by this chapter may sue therefor and shall recover threefold the damages sustained by the person and the cost of the suit, including reasonable attorney fees.") | Wisc. Stat. Ann. § 133.03 ("Every contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce is illegal."); *Olstad v. Microsoft Corp.*, 2005 WI 121, ¶ 42 (2005) ("The pivotal language in the first to sections [of the Sherman Act and Wisconsin's antitrust statute] is nearly identical") | *Lerma v. Univision Comms., Inc.*, 52 F. Supp. 2d 1011, 1015–16 (E.D. Wis. 1999) ("Wisconsin courts have held that the state version is generally controlled by federal court decisions regarding the Sherman Act.") |