Counsel listed on Signature Page

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| IN RE LIDODERM ANTITRUST LITIGATION | No. C-14-md-02521 WHO |
|---|---|
| | **JOINT TELEPHONIC STATUS CONFERENCE STATEMENT** |
| This Document Relates to ALL CASES | Date: October 4, 2016<br>Time: 3:30 p.m.<br>Location: Courtroom 2, 17th floor, by telephone<br>The Hon. William H. Orrick |

1  Pursuant to the Court's Stipulated Scheduling Order dated January 15, 2015 [ECF 134] and
2  further docket entry, dated August 9, 2016 [ECF 536] confirming a telephonic conference for
3  October 4, 2016, the parties hereby submit this Joint Telephonic Status Conference Statement for
4  the Telephonic Case Management Conference on October 4, 2016, at 3:30 p.m.  The parties will
5  be prepared to discuss the following items.

## I.  CALL INFORMATION

7  Dial-in:  855-749-4750
8  Access Code:  930-632-093

## II.  PENDING MATTERS

10  **A.  Endo's At-Issue Waiver Election**.  At the August 30 case management conference,
11  Plaintiffs challenged Endo's proposed order [ECF 543-1] concerning the scope of the documents it
12  would produce as a result of its election pursuant to the August 9, 2016 Order [ECF 536].  The
13  Court has the Plaintiffs' supplemental response [ECF 561] and Endo's supplemental reply [ECF
14  568] on this dispute.

15  **B.  Teikoku's At-Issue Waiver Election.** At the August 30 case management conference,
16  Plaintiffs challenged Teikoku's position that it could offer evidence concerning its inability to
17  predict the commercial impact of joining the settlement without disclosing privileged documents
18  discussing concerning the likely effects of settlement. The Court has the Plaintiffs' supplemental
19  response [ECF 564] and Teikoku's supplemental reply [ECF 569] on this dispute.

20  **C.  Watson At-Issue Waiver Election.**  On September 15, Actavis submitted its response to the
21  Court's August 9 Order stating that "Actavis does not intend to and elects not to rely on any
22  'subjective beliefs' that the Court identified in the Order as putting attorney-client information at
23  issue."

24  **D.  Mandamus Petition.**  On August 24, 2016 Endo and Teikoku filed a petition for writ of
25  mandamus with the Ninth Circuit concerning the Court's August 9 Order.  The Ninth Circuit has
26  not ruled on the Petition, nor has it requested that Plaintiffs answer the petition.

27  **E.  Plaintiffs' Motion Concerning Discovery of Ms. Manogue's Notes.**  On August 9 the
28  Court ordered Endo to produce certain handwritten notes by its former Chief Legal Officer,

1  Caroline Manogue. [ECF 536 at 33-42]. Pursuant to the Court's order, Endo filed its submission
2  on August 15 [ECF 540] and Plaintiffs filed theirs on August 22 [ECF 548] concerning certain
3  portions of the notes that Endo claims are protected by the common interest privilege. The matter
4  was heard at the August 30 case management conference.
5  **F.     Stipulation and Proposed Order Amending Schedule [ECF 576].** Following discussion
6  at the August 30 case management conference, the parties have submitted a stipulation and
7  proposed order modifying certain interim dates in the schedule, but leaving unchanged the Court's
8  previously scheduled trial date.

### III.     STATUS OF DISCOVERY

**A.     Defendants**

**1.     Endo Pharmaceuticals Inc.**

Endo is continuing to review the documents it identified in connection with its at-issue election and is preparing to produce documents in accordance with the scope of production set forth in its proposed order [ECF 543-1]. Subject to the on-going meet and confer with Plaintiffs described in III.C.1 below, discovery of Endo is otherwise complete.

**2.     Teikoku Defendants**

Except as noted in part III.B below, document and deposition discovery of the Teikoku defendants is complete.

**3.     Actavis Defendants**

Except as noted in part III.C.1 below, document and deposition discovery of the Actavis defendants is complete.

**B.     Plaintiffs.** Document and deposition discovery of the all Plaintiffs is complete.

**C.     Outstanding Discovery Issues**

**1.     Endo and Actavis FTC Documents**

Plaintiffs and counsel for Endo and Actavis have agreed to continue to meet and confer concerning certain documents and communications related to the FTC's litigation against Endo and Actavis regarding Lidoderm, and will raise any issues that cannot be resolved to the Court at the appropriate time.

**2. Watson Manufacturing Records.** Plaintiffs requested certain specific manufacturing documents in order to test Actavis's assertions concerning its manufacturing process and process validation. *See* Watson's disclosure in response to the Court's April 5, 2016 Order Concerning Subjective Beliefs Nos. 17 and 19. On August 12 Actavis confirmed that it has completed its production of documents in response to Plaintiffs' request. Plaintiffs requested that Actavis enter into a stipulation regarding the authenticity and business record status of these documents. The parties are finalizing a stipulation and will file the stipulation prior to the October 4 Case Management Conference.

**3. Subpoena to Watson Auditor PricewaterhouseCoopers.** On April 11, immediately following the deposition of former Actavis employee Mr. DosSantos, GEHA served a subpoena for documents and testimony on Actavis' public auditor PricewaterhouseCoopers ("PwC"). On May 20, PwC made its first production of documents, and on September 23, PwC made its second production. Plaintiffs are reviewing this production and will determine shortly whether further discovery is required.

**4. Additional Depositions of Teikoku Personnel.** Plaintiffs and Teikoku previously discussed the scheduling of further depositions of certain Teikoku witnesses about the February 2 email and other documents produced during the time depositions were occurring. *See* ECF 528 at 5. Plaintiffs have advised Teikoku that (1) based on representations of Teikoku's counsel, they will not further pursue disclosure of Mr. Shimoda's notes; (2) that they will pursue the deposition of Jutaro Shudo, identified in Teikoku's Supplemental Disclosures dated April 20, 2016; and (3) that they continue to reserve their rights with respect to the continued depositions of Messrs. Mori and Speitz pending Endo's production of documents concerning the subjective views on which it intends to present evidence.

Teikoku requests that the Court set a deadline for completing these additional depositions. Teikoku will meet and confer with Plaintiffs regarding the limited scope of any remaining depositions.

**5.     Endo's Request To Stay The Deadline For Production of Documents Subject To Its At-Issue Election.**

   **a.     Endo's Statement:**

Endo respectfully requests that the Court extend the November 4, 2016 deadline [Aug. 30, 2016 CMC Hr'g Tr. at 23:20-22] for Endo's at-issue election document production until after the Ninth Circuit rules on the pending petition for writ of mandamus if the Ninth Circuit does not rule before November 4.  The mandamus petition was filed promptly on August 24, 2016 (approximately a week after Endo filed its election), and Endo and Teikoku are likely to succeed for the reasons stated in their petition.  An extension would prevent the disclosure of privileged documents that otherwise would not be produced if the Ninth Circuit grants the petition because Endo can assert its subjective beliefs subject to the election without affirmatively relying on privileged information.  Endo will suffer immediate and irreparable harm if required to produce privileged documents before the Ninth Circuit rules and the Ninth Circuit were then to rule that the standard to be applied for "at issue waiver" differs from the standard applied by the Court.  Erroneously requiring a party to produce privileged information inflicts immediate harm that is not correctable on appeal.  *See Hernandez v. Tanninen*, 604 F.3d 1095, 1101 (9th Cir. 2010); *Admiral Ins. Co. v. U.S. Dist. Court*, 881 F.2d 1486, 1491 (9th Cir. 1989).  An extension would not prejudice Plaintiffs.  Given that the mandamus petition has been pending for more than a month, the Ninth Circuit is likely to rule on the petition in short order and thus it is unlikely the extension will require any more than a modest adjustment to the schedule, if at all.  Finally, it is in the public interest to prevent the potentially unnecessary disclosure of privileged information while the Ninth Circuit considers this important legal issue that has implications beyond this case. A brief stay pending the Ninth Circuit's order on the petition is thus warranted.

   **b.     Plaintiffs' Statement:**

The Court should not extend the November 4, 2016 deadline for Endo's at-issue election document production.  Mandamus is "a 'drastic and extraordinary' remedy 'reserved for really extraordinary causes.'" *In re Van Dusen*, 654 F.3d 838, 840 (9th Cir. 2011).  It requires a showing that the court failed to apply the correct legal standard, *In re Extradition of Ghandtchi*, 697 F.2d

1037, 1038 (11th Cir. 1983), and that the decision was clearly erroneous. *Perry v. Schwarzenegger*, 591 F.3d 1147, 1156 (9th Cir. 2010).

Endo's petition ignores the Ninth Circuit precedent, *Hearn v. Rhay*, 68 F.R.D. 574, 581 (E.D. Wash. 1975) and its progeny, applied by the Court, pivoting to out-of-circuit law that it "require[s] actual reliance on privileged information to effect an implied waiver." Defs.' Pet. for Writ of Mandamus at 8-15 ("Pet."). The Court's ruling is correct, and surely not clearly erroneous; it would be extraordinary if Endo's petition *did* succeed.

Moreover, Endo will not be prejudiced by timely production. Even if the Ninth Circuit accepts Defendants' proposed legal standard — that an implied waiver occurs "*only* where the party affirmatively relies on specific privileged information to support a claim or defense" (Pet. at l; *see also id.* at 18) — Endo would still be compelled either to waive privilege or be precluded from offering evidence in support of the subjective beliefs specified in the Order because the Court ordered waiver or preclusion only when evidence established "that defendants *actually relied* on attorney advice in reaching their subjective beliefs." Order at 3. The petition does not challenge the district court's evidentiary findings that Endo *actually relied* on privileged communications to form specified subjective beliefs. Thus, even if the petition is granted the practical effect of the Court's Order would remain unchanged.

"Plaintiffs . . . have an interest in completing discovery and obtaining timely justice, and it would be extremely prejudicial to them to stay this action indefinitely pending a decision from the Ninth Circuit on Defendant's mandamus petition." *EEOC v. Peters' Bakery*, No. 13-cv-04507-BLF, 2015 U.S. Dist. LEXIS 26601, at *4 (N.D. Cal. Mar. 4, 2015). Because Endo's documents will require expert review, and may necessitate further examination, Endo's requested delay is sure to derail the schedule in the case

### IV.   MOTIONS FOR CLASS CERTIFICATION

On June 17, DPPs [ECF 522] and EPPs [ECF 526] each submitted motions for class certification. On August 19, the Court granted the parties' stipulation modifying the class certification schedule. [ECF 546]. On September 2, Defendants filed their opposition to DPPs' motion [ECF 551] and EPPs' motion [ECF 550] and opposing class certification expert reports. On

1  September 7, Defendants withdrew their opposition to DPPs' motion and filed a corrected

2  opposition [ECF 563] – this is the operative submission.  Plaintiffs will file their replies on October

3  24.  The motions will be heard on November 16 at 2:00 p.m.  Defendants have taken depositions of

4  DPPs' and EPPs' economics experts, and the parties have scheduled depositions of Defendants'

5  class experts.

6  Defendants also filed Daubert motions to exclude the reports of EPPs' experts. [ECF 552 &

7  554].  With regard to EPPs' responses to these motions and Daubert motions EPPs intend to file,

8  EPPs and Defendants propose the following schedule:

- October 17: EPPs file Daubert motion regarding the expert report of John Fritz and their oppositions to Defendants' Daubert motions (Hal Singer and Paul DeBree).
- October 20: EPPs file the supplemental expert report of Hal Singer.  EPPs will provide the documents and information required by the Expert Discovery Stipulation the following day, October 21.
- October 31: Defendants file their opposition to EPPs' Daubert motion (John Fritz).
- November 9: Defendants file their replies in support of their Daubert motions (Hal Singer and Paul DeBree) and EPPs file their reply in support of their Daubert motion (John Fritz).
- Opposition briefs shall be limited to ten pages, and reply briefs limited to six pages.

If the above schedule is acceptable to the Court, the parties will file a stipulation for the Court's review and approval.  The above schedule does not impact briefing deadlines concerning DPPs' class certification motion, expert reports, or Daubert motions.

Dated:  September 30, 2016

*For the Direct Purchaser Plaintiffs:*

/s/ *Peter R. Kohn*
Peter R. Kohn
Joseph T. Lukens
**FARUQI & FARUQI LLP**
101 Greenwood Avenue, Suite 600
Jenkintown, PA 19046
Telephone: (215) 277-5770

Respectfully submitted,

*For the End-Payor Plaintiffs:*

*/s/ Dena C. Sharp*
Daniel C. Girard (SBN 114826)
Dena C. Sharp (SBN 245869)
**GIRARD GIBBS LLP**
601 California Street, 14th Floor
San Francisco, CA 94108

| | |
|---|---|
| Facsimile: (215) 277-5771<br>Email: pkohn@faruqilaw.com | Telephone: (415) 981-4800<br>Facsimile: (415) 981-4846<br>Email: dcg@girardgibbs.com<br>Email: chc@girardgibbs.com |

/s/ *David S. Nalven*
Thomas M. Sobol
David S. Nalven
**HAGENS BERMAN SOBOL SHAPIRO LLP**
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142
Telephone: (617) 482-3700
Email: tom@hbsslaw.com
Email: davidn@hbsslaw.com

/s/ *Renae D. Steiner*
Renae D. Steiner
**HEINS MILLS & OLSON, P.L.C.**
310 Clifton Avenue
Minneapolis, MN 55403
Telephone: (612) 338-4605
Facsimile: (612) 338-4692
Email: rsteiner@heinsmills.com

/s/ *Noah Silverman*
Bruce E. Gerstein
Noah Silverman
Ephraim R. Gerstein
**GARWIN GERSTEIN & FISHER LLP**
88 Pine Street, 10th Floor
New York, NY 10005
Telephone: (212) 398-0055
Facsimile: (212) 764-6620
Email: bgerstein@garwingerstein.com
Email: nsilverman@garwingerstein.com
Email: egerstein@garwingerstein.com

/s/ *Sharon K. Robertson*
J. Douglas Richards
Sharon K. Robertson
Donna M. Evans
**COHEN MILSTEIN SELLERS & TOLL PLLC**
88 Pine Street, 14th Floor
New York, New York 10005
Telephone: (212) 758-3042
Facsimile: (212) 838-7745
Email: drichards@cohenmilstein.com
Email: srobertson@cohenmilstein.com
Email: devans@cohenmilstein.com

*Interim Co-Lead Counsel for the proposed Direct Purchaser Class*

*Interim Co-Lead Counsel for the proposed End-Payor Class*

Joseph R. Saveri
Joshua P. Davis
Andrew M. Purdy
Ryan J. McEwan
**JOSEPH SAVERI LAW FIRM, INC.**
505 Montgomery Street, Suite 625
San Francisco, California 94111
Telephone:  (415) 500-6800
Facsimile:   (415) 395-9940
Email: jsaveri@saverilawfirm.com
Email: rmcewan@saverilawfirm.com

*Interim Liaison Counsel for the proposed End-Payor Class Plaintiffs*

*For the Rite Aid Plaintiffs:*

*For the Walgreen Plaintiffs:*

/s/ *Barry L. Refsin*
Barry L. Refsin
**HANGLEY ARONCHICK SEGAL PUDLIN & SCHILLER**
One Logan Square, 27th Floor
Philadelphia, PA 19103
Telephone:  (215) 496-7031
Facsimile:  (215) 568-0300

/s/ *Anna T. Neill*
Anna T. Neill
Scott E. Perwin
Lauren C. Ravkind
**KENNY NACHWALTER P.A.**
1100 Miami Center
201 South Biscayne Boulevard
Miami, FL 33131

| | |
|---|---|
| brefsin@hangley.com<br><br>Monica L. Rebuck<br>**HANGLEY ARONCHICK SEGAL PUDLIN & SCHILLER**<br>4400 Deer Path Road, Suite 200<br>Harrisburg, PA 17110<br>Telephone: (717) 364-1007<br>Facsimile: (717) 234-3982<br>mrebuck@hangley.com<br><br>*Attorneys for Rite Aid Plaintiffs* | Telephone: (305) 373-1000<br>Facsimile: (305) 372-1861<br>Email: aneill@knpa.com<br><br>*Attorneys for Walgreen Plaintiffs* |

**For the Defendants:**

| | |
|---|---|
| */s/ Joseph A. Meckes*<br>Noriyuki Shimoda (State Bar No. 176973)<br>Joseph A. Meckes (State Bar No. 190279)<br>**SQUIRE PATTON BOGGS (US) LLP**<br>275 Battery Street, 26th Floor<br>San Francisco, California 94111<br>Telephone: (415) 954-0200<br>Facsimile: (415) 393-9887<br>Noriyuki.Shimoda@squiresanders.com<br>Joseph.Meckes@squiresanders.com<br><br>*Attorneys for Defendants Teikoku Pharma USA, Inc. and Teikoku Seiyaku Co., Ltd.*<br><br>**ARNOLD & PORTER LLP**<br><br>*/s/ Daniel B. Asimow*<br>Daniel B. Asimow (State Bar No. 165661)<br>Three Embarcadero Center, 10th Floor<br>San Francisco, California 94111-4024<br>Telephone: (415) 471-3100<br>Facsimile: (415) 471-3400<br>Daniel.Asimow@aporter.com<br><br>Jonathan L. Stern (admitted pro hac vice)<br>Steven G. Reade (admitted pro hac vice)<br>Ryan Z. Watts (admitted pro hac vice)<br>601 Massachusetts Ave., N.W.<br>Washington, D.C. 20001<br>Telephone: (202) 942-5000<br>Facsimile: (202) 942-4999<br>Jonathan.Stern@aporter.com<br>Steven.Reade@aporter.com<br>Ryan.Watts@aporter.com<br><br>*Attorneys for Defendant Endo Pharmaceuticals Inc.* | */s/ Todd A. Seaver*<br>Joseph J. Tabacco, Jr.<br>Todd A. Seaver<br>Sarah Khorasanee McGrath<br>**BERMAN DEVALERIO**<br>One California Street, Suite 900<br>San Francisco, CA 94111<br>Telephone: (415) 433-3200<br>Facsimile: (415) 433-6382<br><br>**LOWEY DANNENBERG COHEN & HART, P.C.**<br>Barbara Hart<br>Peter D. St. Phillip<br>Noelle Ruggiero<br>One North Broadway<br>White Plains, New York 10601<br>Telephone: (914) 997-0500<br>Facsimile: (914) 997-0035<br><br>**RAWLINGS & ASSOCIATES PLLC**<br>Mark D. Fisher<br>Robert Griffith<br>One Eden Way<br>LaGrange, KY 40031-8100<br>Telephone: (502) 587-1279<br><br>*Attorneys for Plaintiff Government Employees Health Association* |

**SKADDEN, ARPS, SLATE, MEAGHER & FLOM**

*/s/ Karen Hoffman Lent*
Karen Hoffman Lent (admitted pro hac vice)
Four Times Square
New York, New York 10036
Telephone: (212) 735-3000
Facsimile: (917) 777-3000
Karen.Lent@skadden.com

Steven C. Sunshine (admitted pro hac vice)
Sean M. Tepe (admitted pro hac vice)
1440 New York Ave. NW
Washington DC, 20005
Telephone: (202) 371-7000
Facsimile: (202) 393-5760
Steve.Sunshine@skadden.com
Sean.Tepe@skadden.com

James Schaefer (State Bar No. 250417)
525 University Avenue
Palo Alto, California 94301-1908
Telephone: (650) 470-4500
Facsimile: (650) 470-4570
James.Schaefer@skadden.com

*Attorneys for Defendants Actavis, Inc., Watson Pharmaceuticals, Inc., Watson Laboratories, Inc., Actavis plc., Anda Inc., Anda Pharmaceuticals, Inc., and Valmed Pharmaceuticals, Inc.*

### ATTESTATION STATEMENT

I, Sharon K. Robertson, am the ECF User whose identification and password are being used to file this Joint Status Conference Statement Pursuant to Civil L.R. 5-1(i)(3), I attest under penalty of perjury that concurrence in this filing has been obtained from all counsel.

DATED:  September 30, 2016                       */s/ Sharon K. Robertson*
                                                 Sharon K. Robertson