Counsel listed on Signature Page

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| IN RE LIDODERM ANTITRUST LITIGATION | No. C-14-md-02521 WHO |
|---|---|
| | **JOINT TELEPHONIC STATUS CONFERENCE STATEMENT** |
| This Document Relates to ALL CASES | Date:  August 8, 2017<br>Time:  3:30 p.m.<br>Location:  Courtroom 2, 17th floor, by telephone<br>The Hon. William H. Orrick |

Pursuant to the Court's Stipulated Scheduling Order dated January 15, 2015 [ECF 134] and further docket entry dated May 2, 2017 [ECF 734], the parties hereby submit this Joint Telephonic Status Conference Statement for the Telephonic Case Management Conference on August 8, 2017, at 3:30 p.m. The parties will be prepared to discuss the following items.

## I.  CALL INFORMATION

Dial-in Number:      **855-749-4750**

Access Code:          **921-019-942#**

## II.  PENDING MATTERS

**1.     End-Payor Class Counsel's Motion for Entry of A Set-Aside Order.**

On June 2, 2017, End-Payor Plaintffs filed a Motion for Entry of a Set-Aside Order. ECF 742. Defendants timely filed their opposition on July 7, 2017, and End-Payor Plaintiffs filed their reply July 19, 2017. The motion is set for hearing at the Status Conference.

**2.     Page limits for motions *in limine*.**

The Court's pretrial order (PTO) [ECF #645] provides that motions in limine must be filed at least 21 days before the pretrial conference, which in this case sets an October 16, 2017 filing deadline, with the parties to exchange draft motions in limine by October 6, 2017. PTO ¶5. Under the PTO, motions in limine shall be filed in a single document, not to exceed 25 pages, with each motion listed as a subheading. *Id.* Oppositions are due on October 23, 2017; no replies are allowed. *Id.*

Plaintiffs believe that resolution of motions in limine on several topics will streamline trial preparations, shorten the trial, and ultimately lessen the jury's work. Among others, Plaintiffs are planning to file motions seeking to exclude purported pro-competitive justifications Defendants plan to offer at trial that are either not cognizable under the law or unsupported by any evidence. Given the breadth of purported pro-competitive justifications issues Defendants have raised, Plaintiffs believe that these motions may, by themselves, require substantial briefing.

Accordingly, the parties have conferred and agree, subject to the Court's approval, to expand the total page limits for motions in limine and oppositions to 35 pages. Given that extension and the compressed time period allowed for briefing, the parties further agree to a modest

modification of the briefing schedule, pursuant to which motions in limine would be exchanged on September 29, 2017 and filed on October 6, 2017, with oppositions of 35 pages due on October 23, 2017.

### 3. Date for filing the joint final pretrial conference statement

There is some uncertainty concerning the date on which the joint final pretrial conference statement is to be filed. The PTO provides that the parties should meet and confer at least 21 days before the November 6, 2017 Pretrial Conference (requiring the meet and confer to take place by October 16, 2017) and file the joint statement at least 14 days before the Pretrial Conference (by October 23, 2017). *See* PTO ¶ 1. But the scheduling order amendment issued on December 2, 2016 [ECF 640] calls for the joint statement is to be filed on October 16, 2017. The parties agree that the deadlines set forth in the PTO—requiring the parties to meet and confer by October 16 and file the joint statement by October 23—are the operative dates.

### 4. Application of Federal Rule of Evidence 703 at Trial

*Plaintiffs' Position*

Plaintiffs seek the Court's advice about how it wishes the jury to learn of the fact evidence reasonably relied upon by an expert witness in forming his or her expert opinion. Because most of the fact witnesses are outside of the subpoena power of the Court due to the MDL transfer, most of the fact testimony will likely be presented by videotaped deposition designations. Plaintiffs are choosing their videotaped deposition designations now, so this inquiry is timely. Plaintiffs do not believe that the facts on which an expert will reasonably rely need be independently admitted into evidence, which would enlarge the length of the deposition designations, the number of exhibits introduced through them, and create the need to designate foundational testimony for each such exhibit. Instead, Plaintiffs believe that FRE 703's language allows disclosure to the jury of the bases for an expert's opinion, without those facts or data being separately admitted, so long as they would otherwise be admissible. *See* FRE 703. Plaintiffs believe this is the more efficient, and thus better, practice, but do not want to guess wrong. The parties seek guidance concerning how such evidence will be handled at trial.

*Defendants' Position*

Plaintiffs say "that they do not believe that the facts on which an expert will reasonably rely need be independently admitted into evidence," such that Plaintiffs should be permitted to "disclos[e] to the jury the bases for an expert's opinion, without those facts or data being separately admitted, so long as they would otherwise be admissible." But Rule 703 does not set forth so broad and open-ended a rule; it says nothing about an expert publishing evidence to the jury simply because that evidence could be properly admitted. *See* FED. R. EVID. 703 ("If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible *for the opinion* to be admitted.") (emphasis added). Rule 703 thus provides for "the possibility of expert reliance…*without* disclosure of the [evidence] itself to the jury." *United States v. W. R. Grace*, 504 F.3d 745, 765-766 (9th Cir. 2007) (emphasis added). Moreover, a jury is best able to evaluate expert opinions after the factual basis has been admitted into evidence; expert opinions must have a proper factual backdrop. Reverse payment cases are no exception; in this context as in any other, "Trial experts are not the source of primary evidence. They merely provide the jury with a potential means for analyzing that evidence." *In re Nexium Esomeprazole Antitrust Litig.*, 42 F. Supp. 3d 231, 284 (D. Mass. 2014), *aff'd*, 842 F.3d 34 (1st Cir. 2016). Plaintiffs cannot seek a blanket ruling as to whether they can publish (unspecified) evidence to the jury in all instances. If Plaintiffs (or Defendants) wish to disclose to the jury particular evidence on which an expert relies, that is a case-by-case determination for the Court at trial. But there is no support at this stage for the relief that Plaintiffs seek.

### III. CASE DEVELOPMENTS

**1. Expert Discovery.** All expert depositions have been completed.

**2. Case Schedule.** Trial remains scheduled to begin on December 4, 2017.

**3. Rule 56 and *Daubert* Motions**. On June 30 and July 14, 2017, the parties filed motions for summary judgment and to exclude certain experts. All opposition papers are due on Monday, August 7, 2017. Replies are due on Friday, August 25, 2017. The hearing on the motions is set for Friday, September 15, 2017, at 9:00 a.m.

**4. Sealing of Rule 56 and Daubert Papers**. On June 27, 2017, the Court entered a

stipulation allowing the parties to conditionally file all papers relating to motions for summary judgment and *Daubert* that contain any information designated under the protective order under seal, with formal motions to follow on or before September 6, 2017.  [ECF #766]

     **5.**     **Notice to the End-Payor Class**.  In accordance with the schedule set forth in the Order Approving Notice Plan and Authorizing Distribution of Notice to the End-Payor Class [ECF #751], the End-Payor Plaintiffs represent that KCC—the End-Payor Plaintiffs' notice administrator—has activated the notice website and toll-free number, completed the mailing of notice to TPP members of the End-Payor Class, commenced internet publication notice, and is preparing to complete publication notice in printed media.

### IV.   OUTSTANDING FACT DISCOVERY

     **1.**     **Deposition of Endo's Caroline Manogue.**  The parties are meeting and conferring concerning the scheduling of this supplementary deposition.

Dated:  August 4, 2017

Respectfully submitted,

| *For the Direct Purchaser Plaintiffs:* | *For the End-Payor Plaintiffs:* |
|---|---|
| /s/ *Peter R. Kohn* <br> Peter R. Kohn <br> Joseph T. Lukens <br> **FARUQI & FARUQI LLP** <br> 101 Greenwood Avenue, Suite 600 <br> Jenkintown, PA 19046 <br> Telephone:   (215) 277-5770 <br> Facsimile:   (215) 277-5771 <br> Email: pkohn@faruqilaw.com | /s/ *Dena C. Sharp* <br> Daniel C. Girard (SBN 114826) <br> Dena C. Sharp (SBN 245869) <br> **GIRARD GIBBS LLP** <br> 601 California Street, 14th Floor <br> San Francisco, CA 94108 <br> Telephone:   (415) 981-4800 <br> Facsimile:   (415) 981-4846 <br> Email: dcg@girardgibbs.com <br> Email: chc@girardgibbs.com |
| /s/ *David S. Nalven* <br> Thomas M. Sobol <br> David S. Nalven <br> Gregory T. Arnold <br> **HAGENS BERMAN SOBOL SHAPIRO LLP** <br> 55 Cambridge Parkway, Suite 301 <br> Cambridge, MA 02142 <br> Telephone:   (617) 482-3700 <br> Email: tom@hbsslaw.com <br> Email: davidn@hbsslaw.com <br> Email: grega@hbsslaw.com | /s/ *Renae D. Steiner* <br> Renae D. Steiner <br> **HEINS MILLS & OLSON, P.L.C.** <br> 310 Clifton Avenue <br> Minneapolis, MN 55403 <br> Telephone:   (612) 338-4605 <br> Facsimile:   (612) 338-4692 <br> Email: rsteiner@heinsmills.com |

| | |
|---|---|
| */s/ Noah Silverman* | */s/ Sharon K. Robertson* |
| Bruce E. Gerstein | Sharon K. Robertson |
| Noah Silverman | Donna M. Evans |
| Ephraim R. Gerstein | **COHEN MILSTEIN SELLERS & TOLL PLLC** |
| **GARWIN GERSTEIN & FISHER LLP** | 88 Pine Street, 14th Floor |
| 88 Pine Street, 10th Floor | New York, New York 10005 |
| New York, NY 10005 | Telephone:  (212) 838-7797 |
| Telephone:  (212) 398-0055 | Facsimile:  (212) 838-7745 |
| Facsimile:  (212) 764-6620 | Email: srobertson@cohenmilstein.com |
| Email: bgerstein@garwingerstein.com | Email: devans@cohenmilstein.com |
| Email: nsilverman@garwingerstein.com | |
| Email: egerstein@garwingerstein.com | *Co-Lead Counsel for the End-Payor Class* |
| *Co-Lead Counsel for the Direct Purchaser Class* | |

Joseph R. Saveri
Joshua P. Davis
Andrew M. Purdy
Ryan J. McEwan
**JOSEPH SAVERI LAW FIRM, INC.**
505 Montgomery Street, Suite 625
San Francisco, California 94111
Telephone:  (415) 500-6800
Facsimile:  (415) 395-9940
Email: jsaveri@saverilawfirm.com
Email: rmcewan@saverilawfirm.com

*Liaison Counsel for the End-Payor Class Plaintiffs*

| | |
|---|---|
| *For the Rite Aid Plaintiffs:* | *For the Walgreen Plaintiffs:* |
| */s/ Barry L. Refsin* | */s/ Anna T. Neill* |
| Barry L. Refsin | Anna T. Neill |
| **HANGLEY ARONCHICK SEGAL PUDLIN & SCHILLER** | Scott E. Perwin |
| One Logan Square, 27th Floor | Lauren C. Ravkind |
| Philadelphia, PA 19103 | **KENNY NACHWALTER P.A.** |
| Telephone:  (215) 496-7031 | 1100 Miami Center |
| Facsimile:  (215) 568-0300 | 201 South Biscayne Boulevard |
| brefsin@hangley.com | Miami, FL 33131 |
| | Telephone:  (305) 373-1000 |
| Monica L. Kiley | Facsimile:  (305) 372-1861 |
| **HANGLEY ARONCHICK SEGAL PUDLIN & SCHILLER** | Email: aneill@knpa.com |
| 4400 Deer Path Road, Suite 200 | *Attorneys for Walgreen Plaintiffs* |
| Harrisburg, PA 17110 | |
| Telephone:  (717) 364-1007 | |
| Facsimile:  (717) 234-3982 | |
| mkiley@hangley.com | |

*Attorneys for Rite Aid Plaintiffs*

*Attorneys for Plaintiff Government Employees Health Association*

| | |
|---|---|
| /s/ Todd A. Seaver<br>Joseph J. Tabacco, Jr.<br>Todd A. Seaver<br>Sarah Khorasanee McGrath<br>**BERMAN DEVALERIO**<br>One California Street, Suite 900<br>San Francisco, CA 94111<br>Telephone:   (415) 433-3200<br>Facsimile:   (415) 433-6382 | **RAWLINGS & ASSOCIATES PLLC**<br>Mark D. Fisher<br>Robert Griffith<br>One Eden Way<br>LaGrange, KY 40031-8100<br>Telephone:   (502) 587-1279 |

**LOWEY DANNENBERG COHEN & HART, P.C.**
Barbara Hart
Peter D. St. Phillip
Noelle Ruggiero
One North Broadway
White Plains, New York 10601
Telephone:   (914) 997-0500
Facsimile:   (914) 997-0035

*For the Defendants:*

| | |
|---|---|
| /s/ Joseph A. Meckes<br>David S. Elkins (State Bar No. 148077)<br>**SQUIRE PATTON BOGGS (US) LLP**<br>620 Hansen Way<br>Palo Alto, California  94304<br>Telephone:   (650) 856-6500<br>Facsimile:   (650) 843-8777<br>David.Elkins@squirepb.com<br><br>Noriyuki Shimoda (State Bar No. 176973)<br>Joseph A. Meckes (State Bar No. 190279)<br>Rafael Langer-Osuna (State Bar No. 300948)<br>**SQUIRE PATTON BOGGS (US) LLP**<br>275 Battery Street, 26th Floor<br>San Francisco, California  94111<br>Telephone:   (415) 954-0200<br>Facsimile:   (415) 393-9887<br>Noriyuki.Shimoda@squirepb.com<br>Joseph.Meckes@squirepb.com<br>Rafael.LangerOsuna@squirepb.com<br><br>*Attorneys for Defendants Teikoku Pharma USA, Inc. and Teikoku Seiyaku Co., Ltd.*<br><br>**ARNOLD & PORTER KAYE SCHOLER LLP**<br><br>/s/ Daniel B. Asimow<br>Daniel B. Asimow (State Bar No. 165661)<br>Three Embarcadero Center, 10th Floor<br>San Francisco, California 94111-4024<br>Telephone:   (415) 471-3100 | **SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**<br><br>/s/ Karen Hoffman Lent<br>Karen Hoffman Lent (admitted pro hac vice)<br>Four Times Square<br>New York, New York 10036<br>Telephone: (212) 735-3000<br>Facsimile: (917) 777-3000<br>Karen.Lent@skadden.com<br><br>Steven C. Sunshine (admitted pro hac vice)<br>Sean M. Tepe (admitted pro hac vice)<br>1440 New York Ave. NW<br>Washington DC, 20005<br>Telephone: (202) 371-7000<br>Facsimile: (202) 393-5760<br>Steve.Sunshine@skadden.com<br>Sean.Tepe@skadden.com<br><br>Patrick Hammon (State Bar No. 255047)<br>525 University Avenue, Suite 1100<br>Palo Alto, CA  94301<br>Telephone:   (650) 470-4500<br>Facsimile:   (650) 470-4570<br>patrick.hammon@skadden.com<br><br>*Attorneys for Defendants Actavis, Inc., Watson Pharmaceuticals, Inc., Watson Laboratories, Inc., Actavis plc., Anda Inc., Anda Pharmaceuticals, Inc., and Valmed Pharmaceuticals, Inc.* |

| | |
|---|---|
| 1 | Facsimile:     (415) 471-3400 |
|   | Daniel.Asimow@apks.com |
| 2 | |
|   | Jonathan L. Stern (admitted pro hac vice) |
| 3 | Steven G. Reade (admitted pro hac vice) |
|   | Ryan Z. Watts (admitted pro hac vice) |
| 4 | 601 Massachusetts Ave., N.W. |
|   | Washington, D.C. 20001 |
| 5 | Telephone:    (202) 942-5000 |
|   | Facsimile:     (202) 942-4999 |
| 6 | Jonathan.Stern@apks.com |
|   | Steven.Reade@apks.com |
| 7 | Ryan.Watts@apks.com |
| 8 | Heidi K. Hubbard (admitted pro hac vice) |
|   | Stanley E. Fisher (admitted pro hac vice) |
| 9 | Benjamin M. Greenblum (admitted pro hac vice) |
|   | Elise M. Baumgarten (admitted pro hac vice) |
| 10 | **WILLIAMS & CONNOLLY LLP** |
|    | 725 Twelfth Street, N.W. |
| 11 | Washington, D.C. 20005 |
|    | Telephone:    (202) 434-5000 |
| 12 | Facsimile:     (202) 434-5029 |
|    | hhubbard@wc.com |
| 13 | sfisher@wc.com |
|    | bgreenblum@wc.com |
| 14 | ebaumgarten@wc.com |
| 15 | *Attorneys for Defendant Endo Pharmaceuticals Inc.* |

**ATTESTATION STATEMENT**

I, Daniel B. Asimow, am the ECF User whose identification and password are being used to file this **Joint Telephonic Status Conference Statement**.  Pursuant to Civil L.R. 5-1(i)(3), I attest under penalty of perjury that concurrence in this filing has been obtained from all counsel.

*/s/ Daniel B. Asimow*
Daniel B. Asimow