UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**IN RE LIDODERM ANTITRUST LITIGATION**

Case No. 14-md-02521-WHO

**ORDER GRANTING MOTION FOR A SET-ASIDE**

Re: Dkt. No. 742

End Payor Plaintiffs (EPP) Class Counsel ask me to enter a set-aside order requiring defendants to place 12.5% of any judgment or settlement secured from defendants by any opt-out EPP into an escrow account. EPP Class Counsel would then negotiate with EPP opt-out counsel and seek Court approval of a payment to EPP Class Counsel out of that escrow fund to reimburse EPP Class Counsel for their "common" work and expenditures that benefitted the EPP opt-out. Dkt. No. 742.

Defendants oppose any set-aside order. Dkt. No. 788. They argue that there is little precedent for set-aside orders in antitrust class action cases and that EPP Class Counsel's interests in securing adequate compensation for their work and costs is protected by class counsel's ability to seek fees and costs under Rule 23(h). Defendants also argue that a set-aside order is premature, as it is as-yet unknown how many opt-outs there will be or the eventual opt-outs' stake in the litigation (both of which are relevant to the size of any "common benefit" claim EPP Class Counsel may have against the opt-outs). Finally, defendants oppose the size of the set aside, arguing that set-asides more typically fall in the 3 − 6% range.

## I. PROPRIETY IN CLASS CONTEXT

Defendants are correct that the majority of cases relied on by EPP Class Counsel arose in

the context of mass tort litigation. *See* Mot. at 4-6. But defendants fail to show why the equitable

principles that the mass torts courts recognized to justify set-aside orders do not apply in the class

action context. They do. *See, e.g., In re Bextra & Celebrex Mktg. Sales Practices & Prod. Liab.*

*Litig.*, No. M:05-CV-01699-CRB, 2006 WL 471782, at \*1 (N.D. Cal. Feb. 28, 2006) (the Court's

authority for set-aside order "derives from the Supreme Court's common benefit doctrine" and is

"entered to provide for the fair and equitable sharing among plaintiffs of the cost of special

services performed and expenses incurred by attorneys acting for MDL administration and

common benefit of all plaintiffs in this complex litigation."); *see also In re Genetically Modified*

*Rice Litig.*, No. 4:06 MD 1811 CDP, 2010 WL 716190, at \*4 (E.D. Mo. Feb. 24, 2010), aff'd, 764

F.3d 864 (8th Cir. 2014) ("An MDL court's authority to establish a trust and to order contributions

to compensate leadership counsel derives from its 'managerial' power over the consolidated

litigation, and, to some extent, from its inherent equitable power."). As in the mass torts context,

where lead plaintiffs' counsel are responsible for pushing the cases forward, marshalling the

evidence and discovery, and at least initial rounds of motion practice, EPP Class Counsel has

performed the same tasks here for the benefit of *all* of the EPPs.

EPP Class Counsel will of course seek a recovery for their fees and costs from any

common fund secured for the EPP Class members who do not opt-out. But that does not resolve

the equitable "free rider" problem identified by Class Counsel. And there is no chance of a double

recovery for EPP Class Counsel's time or expenses; any distributions from the set-aside account

as well as any final fee order will be approved by the Court.

In a late-filed letter brief, counsel for GEHA argues that the set-aside order sought by EPP

Class Counsel would contradict and make inadequate the notice that has been mailed to the EPP

class. Dkt. No. 803. EPP Class Counsel has agreed to post the set-aside Order on the case

website. As discussed below, the set-aside Order will apply only to cases filed in or transferred to

this Court as part of the MDL proceeding. For these reasons, I do not find that the set-aside Order

issued below is in conflict with the EPP class notice or otherwise makes it inadequate.

## II.     TIMING

Defendants argue any set-aside order is premature at this juncture, and note that in the two

United States District Court
Northern District of California

1   antitrust set-aside cases identified by plaintiffs, the set-aside orders occurred after settlements

2   occurred and opt-outs were filed. Oppo. at 3 n.3. However, as plaintiffs note, other courts have

3   entered set aside orders prior to any recovery, as long as the litigation has been "significantly

4   advanced." *See, e.g.*, *In re Protegen Sling & Vesica Sys. Prod. Liab. Litig.*, No. 1387, 2002 WL

5   31834446, at *1 (D. Md. Apr. 12, 2002); *In re Diet Drugs*

6   *(Phentermine/Fenfluramine/Dexfenfluramine) products Liab. Litig.*, No. 1203, 1999 WL 124414,

7   at *2 (E.D. Pa. Feb. 10, 1999); *see also Turner v. Murphy Oil USA, Inc.*, 422 F. Supp. 2d 676, 681

8   (E.D. La. 2006) ("the fact that there is no 'common fund' at this stage of the litigation is of no

9   moment. . . . The set-asides would be imposed to ensure that there will be adequate funds

10  available if the plaintiffs are successful."); *Compensation for Designated Counsel*, Ann. Manual

11  Complex Lit. § 14.215 (4th ed.) ("Lead and liaison counsel may have been appointed by the court

12  to perform functions necessary for the management of the case but not appropriately charged to

13  their clients. Early in the litigation, the court should define designated counsel's functions,

14  determine the method of compensation, specify the records to be kept, and establish the

15  arrangements for their compensation, including setting up a fund to which designated parties

16  should contribute in specified proportions."). This litigation has been significantly advanced.

17          Defendants' next argument is that a set-aside is unnecessary because EPP Class Counsel

18  will be able to negotiate separately with any opt-outs, as they have with GEHA. That EPP Class

19  Counsel and GEHA (which has been actively litigating this case since its inception) were able to

20  reach agreement is not a sufficient reason to deny the requested set-aside order.[1] Absent an order

21  of this Court requiring defendants to place funds in escrow, EPP Class Counsel may not know

22  when or if opt-outs settle. The more orderly and efficient course is to set up one mechanism in

23  this Court – where the common benefit work has been performed – to resolve EPP Class

24  Counsels' entitlement to compensation for common fund work performed.[2]

---

[1] After the filing of the motion seeking a set-aside, EPP Class Counsel and GEHA reached an agreement whereby Class Counsel waived any right to an award of fees and costs "associated" with GEHA's claims in this litigation. Dkt. No. 754.

[2] That said, and as discussed below, the set-aside order will not reach to any litigation that may be filed in state court by opt-outs.

3

1  Defendants' final argument, that the imposition of a set-aside order might deter settlements

2  because it imposes a "tax," is not persuasive.  Establishing a set maximum percentage from the

3  outset (*e.g*., prior to settlement negotiations) will provide clarity and certainty to the negotiating

4  parties as to the most EPP Class Counsel can seek from any opt-out settlements or judgments.

5  **III.    AMOUNT**

6  EPP Class Counsel hang their request for a 12.5% set-aside on the 25% benchmark the

7  Ninth Circuit has adopted for common fund fee awards under Rule 23(h).  Reply at 7.  While a

8  few courts have set aside amounts approaching and more rarely exceeding 12.5%, EPP Class

9  Counsel does not dispute that a more common set aside amount in the mass torts context falls in

10  the range of 3-6%.  *See, e.g., In re Bextra & Celebrex Mktg. Sales Practices & Prod. Liab. Litig*.,

11  No. M:05-CV-01699-CRB, 2006 WL 471782, at \*1 (N.D. Cal. Feb. 28, 2006) (4% set aside); *see*

12  *also* Oppo. at 6 (relying on publications finding set-aside typically fall in the 3-6% range); *but see*

13  *In re Genetically Modified Rice Litig*., No. 4:06 MD 1811 CDP, 2010 WL 716190, at \*1 (E.D.

14  Mo. Feb. 24, 2010), *aff'd*, 764 F.3d 864 (8th Cir. 2014) (ordering a set-aside of 9 – 11%, and

15  noting one case which allowed 12% and one case allowing 17% subject to revision.).

16  Given the circumstances of this case – specifically the amount of discovery, motion

17  practice, and expert work required to get to case to this juncture – I find that a 10% set-aside is

18  appropriate.[3]

19  **IV.    SCOPE**

20  Defendants and GEHA also object to any attempt to extend the set-aside order to cover

21  settlements or judgments secured in cases (or potential cases) that are not part of this MDL

22  proceeding, arguing that this Court does not have jurisdiction over any opt-outs.  I generally agree.

23  As the Eighth Circuit recognized, district courts operating pursuant to their multi-district litigation

24  powers do "not have jurisdiction to order holdbacks from state-court plaintiffs' recoveries" absent

25

26

---

27  [3] The amount, if any, awarded from the escrow account to the EPP Class Counsel may well be less
than 10%.  A showing will have to be made why the amount sought by EPP Class Counsel is
28  necessary to compensate them for time and costs incurred litigating common benefit issues.  If the
amount awarded is less than the 10% retained, those funds will be returned to the opt-out EPPs.

4

some "independent basis for jurisdiction over these state-court actions." *In re Genetically Modified Rice Litig.*, 764 F.3d 864, 873 (8th Cir. 2014); *see also Hartland v. Alaska Airlines*, 544 F.2d 992, 1001 (9th Cir. 1976) (this "District Court had not even a semblance of jurisdiction—original, ancillary or pendent—to order anything or anybody, and least of all to compel lawyers who were not parties to the action to pay $3,250 into a fund.").

While I may have jurisdiction over the defendants – obviously essential parties to any negotiated settlement and the payors of any judgments – that does not mean I have jurisdiction over the *recoveries* belonging to opt-outs who are not before me. That these potential opt-outs are currently class members in a certified class and under my jurisdiction does not change my analysis. Once a class member opts-out, it is no longer a party to any case before me and I no longer have jurisdiction over it or over the monies due to it (absent their filing a new action in federal court which is transferred to this MDL proceeding).

EPP Class Counsel ask, if their broad language (including any settlement or judgment secured by an opt-out) is rejected and more narrow language adopted applying the order only to cases in this MDL proceeding, that I include language similar to that utilized by Judge DuBois in the *In re Linerboard Antitrust Litig.*, 292 F. Supp. 2d 644 (E.D. Pa. 2003) set-aside Order, making the set-aside order without prejudice to "counsel's right to seek a sequestration order in untransferred federal cases or state cases if warranted by the facts." *Id*. at 647. That additional language is fine, as unforeseen or unique factual and jurisdictional issues may arise in the future.[4]

## V.    ORDER

For the foregoing reasons, **IT IS ORDERED:**

1.    In the event a person or entity that opts out of the End-Payor Class (an "opt-out plaintiff") obtains a settlement or judgment in an action filed in this Court or transferred to this multidistrict litigation related to claims arising from Defendants' alleged reverse payment agreement concerning Lidoderm, Defendants shall establish and thereafter maintain an insured

---

[4] *See, e.g., In re Genetically Modified Rice Litig.*, 835 F.3d 822, 830 (8th Cir. 2016) (applying set-aside order to a state court settlement where both parties to that settlement were, at the time of the judgment that led to the settlement, otherwise within the jurisdiction of the MDL court).

1    escrow account entitled "Lidoderm End-Payor Class Fee and Expense Account";

2         2.    For any settlement or judgment obtained by such an opt-out plaintiff, Defendant(s)

3    shall set aside and place into the Lidoderm End-Payor Fee and Expense Account 10% of the total

4    monetary value of such settlement or judgment;

5         3.    No amounts shall be paid from the Lidoderm End-Payor Fee and Expense Account

6    unless and until approved by the Court;

7         4.    The set-aside funds shall be available, at the Court's discretion, to pay attorneys'

8    fees and expenses incurred by EPP Class Counsel or other counsel for their common benefit work,

9    subject to a showing of entitlement to such payments;

10        5.    The common benefit work eligible for compensation from the Lidoderm End-Payor

11   Fee and Expense Account includes the work outlined in the Court's April 25, 2014 Initial Case

12   Management Order (ECF 21 at 6-9) and May 23, 2014 order appointing EPP Class Counsel (ECF

13   63);

14        6.    EPP Class Counsel and counsel for the opt-out plaintiff shall meet and confer and

15   attempt in good faith to agree on an appropriate allocation of the set-aside funds.  If counsel reach

16   agreement, they shall report to the Court and seek Court approval of the agreed-upon allocation.  If

17   no agreement is reached, EPP Class Counsel shall file with the Court within 14 days of reaching

18   impasse an application for compensation supported by a showing of relevant common benefit

19   work performed and expenses incurred.  Any opposition(s) may be filed within 14 days of the

20   filing of the initial application, with any replies due no more than 7 days later;

21        7.    Any other counsel for one or more opt-out plaintiff that believe that they have

22   performed compensable common benefit work shall also be permitted to apply to the Court for

23   compensation from the set-aside funds as described above;

24        8.    Any set-aside funds not paid to EPP Class Counsel or other counsel for common

25   benefit work shall be remitted pro rata to the opt-out plaintiffs from whose settlements or

26   judgments the set-aside funds were withheld;

27        9.    This Order shall apply to all actions included in this multidistrict litigation or

28   otherwise transferred to this Court that assert claims on behalf of end-payors of branded or generic

1  Lidoderm that are the same or substantially similar to those asserted by End-Payor Plaintiffs in

2  this multidistrict litigation, and shall continue to apply after any remand of such actions;

3       10.     The scope of this Order is without prejudice to End-Payor Plaintiffs right to seek a

4  sequestration order against settlements or judgments in untransferred federal cases or state cases if

5  warranted by the facts; and

6       11.     Nothing in this Order shall prevent EPP Class Counsel from applying for and

7  receiving an award of attorneys' fees and expenses for any recovery obtained on behalf of the

8  End-Payor Class.  EPP Class Counsel are directed to make a copy of this Order available on the

9  website established in connection with their efforts to notify the End-Payor Class of the Court's

10  class certification order.

11  Dated: August 14, 2017

13  _____

14  William H. Orrick
    United States District Judge

7