[Submitting Counsel on Signature Page]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re LIDODERM ANTITRUST LITIGATION | MDL Docket No. 14-md-02521-WHO |
| THIS DOCUMENT RELATES TO: DIRECT PURCHASER CLASS ACTIONS | |

**[PROPOSED] AMENDED ORDER GRANTING DIRECT PURCHASER CLASS PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENTS, APPROVAL OF FORM AND MANNER OF NOTICE, AND SETTING SCHEDULE FOR FINAL APPROVAL HEARING**

[AMENDED PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL
TO PROPOSED DIRECT PURCHASER CLASS SETTLEMENTS
MDL DOCKET NO. 14-md-02521-WHO

Upon review and consideration of the three separate Settlement Agreements between the Direct Purchaser Class and Defendant Endo Pharmaceuticals Inc. ("Endo") dated as of March 19, 2018; Defendant Teikoku Pharma USA, Inc. and Teikoku Seiyaku Co., Ltd. (collectively, "Teikoku") dated as of December 31, 2017; and Defendants Actavis, Inc. (f/k/a Watson Pharmaceuticals, Inc.), Watson Laboratories, Inc., and Actavis plc (collectively, "Watson") dated as of March 19, 2018 (the "Settlements"), Direct Purchaser Class Plaintiffs' Memorandum of Law In Support of Motion for Preliminary Approval of Proposed Settlements, Approval of the Form and Manner of Notice to the Class, and Setting Schedule and Date for a Final Approval Hearing, and exhibits thereto (including proposed notice to the class) (collectively, the "Settlement Documents"), and after a hearing before the Court on Direct Purchaser Class Plaintiffs' Motion for Preliminary Approval on April 24, 2018, and after review of Direct Purchaser Plaintiffs' Notice of Amended Direct Purchaser Settlement Notice Documents and exhibits thereto, IT IS HEREBY ORDERED that said motion is GRANTED as follows:

**Jurisdiction**

1. This Court has subject matter jurisdiction over this Direct Purchaser Class Action (the "Action") and each of the named plaintiffs, American Sales Company, LLC, Drogueria Betances, Inc., and Rochester Drug Co-Operative, Inc. (together, "Plaintiffs"), individually and on behalf of the certified direct purchaser plaintiff class in this Action, and Defendants Endo, Teikoku, and Watson (together, "Defendants").

**Previously Certified Class**

2. In light of this Court's previous order dated Feb 21, 2017 [ECF No. 670] certifying the direct purchaser class pursuant to Fed. R. Civ. P. 23(a) and (b)(3), the exclusion notices received during the opt-out period established by the order, and the now proposed Settlements in this Action, the Class is defined as follows:

> All persons or entities in the United States, including its territories, possessions, and the Commonwealth of Puerto Rico, who purchased brand or generic Lidoderm directly from any of the Defendants at any time during

1

[PROPOSED] AMENDED ORDER GRANTING PRELIMINARY APPROVAL
TO PROPOSED DIRECT PURCHASER CLASS SETTLEMENTS
MDL DOCKET NO. 14-md-02521-WHO

the period August 23, 2012 through May 1, 2014 (the "Class").  Excluded from the Class are Endo Pharmaceuticals Inc., Teikoku Pharma USA, Inc. and Teikoku Seiyaku Co., Ltd., Actavis, Inc., Actavis plc, Watson Laboratories, Inc., and their officers, directors, management, employees, subsidiaries, or affiliates, and all federal governmental entities.

Also excluded from the Class are the following Retailer Plaintiffs that pursued claims separately from the Class: Walgreen Co., The Kroger Co., Safeway Inc., HEB Grocery Company LP, Albertson's LLC, Rite Aid Corporation, Rite Aid Hdqtrs. Corp., and CVS Pharmacy, Inc.

3. The Court also previously appointed the Plaintiffs as Class Representatives and following law firms as Class Counsel pursuant to Fed. R. Civ. P. 23(g): Faruqi & Faruqi LLP, Garwin Gerstein & Fisher LLP, and Hagens Berman Sobol Shapiro LLP.

## Preliminary Approval of the Proposed Settlements

4. Fed. R. Civ. P. 23(e) provides that a proposed settlement in a class action must be approved by the Court.  As a first step, plaintiffs generally seek preliminary approval of the proposed settlement.  Manual for Complex Litigation (Fourth) § 21.632 (2015).  "A preliminary approval of a settlement and notice to the proposed class is appropriate if the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval." *State of California v. eBay, Inc.*, No. 5:12–CV–05874–EJD, 2014 WL 4273888, at *5 (N.D. Cal. Aug. 29, 2014) (internal quotations omitted).  Preliminary approval is not a dispositive assessment of the fairness of the proposed settlement, but rather determines whether it falls within the "range of reasonableness." *In re High-Tech Employee Litig.*, No. 11-cv-2509, 2013 WL 6328811, at *1 (N.D. Cal. Oct. 30, 2013) (citation omitted).  Preliminary approval, however, establishes an "initial presumption" of fairness, such that notice may be given to the class and the class may have a "full and fair opportunity to consider the proposed [settlement] and develop a response." *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007); *see* Manual for Complex Litigation (Fourth) § 21.631 (2015).

5. All the relevant factors weigh in favor of preliminarily approving each of the Settlements. First, the Settlements follow full fact and expert discovery and class certification and summary judgment/*Daubert* motions decided based on extensive briefing and supporting submissions. Consequently, the parties have access to a discovery record and rulings of the Court that permit a fully informed evaluation of the case. Second, the Settlements are the result of arm's length negotiation among sophisticated counsel and Court-ordered mediation under the auspices of Chief Magistrate Judge Joseph C. Spero. Third, the agreed-upon consideration to be paid by each Defendant pursuant to each Settlement Agreement, in exchange for, *inter alia*, dismissal of the litigation with prejudice by Plaintiffs and the Class as set forth in the Settlement Agreements, is within the range of reasonableness based on the circumstances. The settlement payments consist of $35 million from Teikoku, $71 million from Watson, and $60 million (in two installments) from Endo, and collectively amount to $166 million (the Settlement Fund") for the benefit to the Class.

### Approval of Form and Manner of Notice

6. The Court finds that the proposed Amended Settlement Notice and Letter to Class Members Concerning Their Purchases, and the proposed method of dissemination of notice by first class mail, satisfy Fed. R. Civ. P. 23(e) and due process and are otherwise fair and reasonable, and are therefore approved.

7. Class Counsel shall also ensure that copies of the Amended Settlement Notice and the form of Letter to Class Members Concerning Their Purchases and the Settlement Agreements are available to Class Members online at www.lidodermantitrustDPPsettlement.com to allow Class Members to become and remain reasonably apprised of the progress of this Action.

8. The Court finds that because prior notice of class certification, disseminated by first class mail to all Class Members on or about May 8, 2017, satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, and because the prior notice of class certification provided an opt-out period that closed June 22, 2017, there is no need for an additional opt-out

period pursuant to Fed. R. Civ. P. 23(e)(4).  *See Officers for Justice v. Civil Serv. Comm'n,* 688 F.2d 615, 635 (9th Cir. 1982) ("to hold that due process requires a second opportunity to opt out after the terms of the settlement have been disclosed to the class would impede the settlement process so favored in the law"); *Low v. Trump University*, 246 F. Supp. 3d 1295, 1306 (S.D. Cal. 2017) (objector who chose not to opt-out after having received notice of class certification "cannot now belatedly argue that due process compels a further opt-out opportunity"); *Meijer, Inc. v. Abbott Labs.*, Case No. C 07-5985 CW (N.D. Cal. Apr. 8, 2011) [ECF No. 504], at 3 (because the previously served class certification notice satisfied the requirements of Rule 23(e) and due process and provided for an opt-out period that had closed, "there is no need for an additional opt-out period pursuant to Fed. R. Civ. P. 23(e)(4)").

9. Class Counsel shall cause the Amended Settlement Notice and the form of Letter to Class Members Concerning Their Purchases substantially in the form submitted to the Court with Direct Purchaser Plaintiffs' Notice of Amended Direct Purchaser Settlement Notice Documents to be disseminated by May 21, 2018 (15 days after preliminary approval) via first-class mail to the last known address of each member of the Class.

10. Pursuant to the Class Action Fairness Act of 2005 ("CAFA"), Defendants served notice as required under CAFA of the Settlements within 10 days after the date Plaintiffs filed the proposed Settlements with the Court and contemporaneously provided Class Counsel with copies of any such notice.

### Final Fairness Hearing

11. A hearing on final approval (the "Fairness Hearing") shall be held before this Court on September 12, 2018 in the courtroom assigned to the Honorable William H. Orrick, U.S.D.J., at the United States District Court for the Northern District of California, United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102.  At the Fairness Hearing, the Court will consider, *inter alia*: (a) the fairness, reasonableness and adequacy of each of the Settlements; (b) the proposed plan of allocation of the Settlement Fund among Class Members;

4

[PROPOSED] AMENDED ORDER GRANTING PRELIMINARY APPROVAL
TO PROPOSED DIRECT PURCHASER CLASS SETTLEMENTS
MDL DOCKET NO. 14-md-02521-WHO

(c) the proposed claim form and process to be used for the allocation of the Settlement Fund; (d) whether the Court should approve awards of attorneys' fees and reimbursement of expenses to Class Counsel; (e) whether service awards should be awarded to the Class Representatives, and in what amount; and (f) whether entry of a final judgment terminating this litigation should be entered.

12. The Fairness Hearing may be rescheduled or continued; in this event, the Court will furnish all counsel with appropriate notice.  Class Counsel shall be responsible for communicating any such notice promptly to the Class by posting conspicuous notice on the website identified in the notice.

13. Class Members who wish to (a) object with respect to any of the proposed Settlements; and/or (b) wish to appear in person at the Fairness Hearing, should first send an objection and, if intending to appear, a notice of intention to appear, along with a summary statement outlining the position to be asserted and the grounds therefore together with copies of any supporting papers or briefs to the Clerk of the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102.  Any such objection and/or notice of intention to appear and summary statement should be postmarked no later than July 5, 2018 (45 days after the date that the notice is mailed to each member of the Class). Except as herein provided, no person or entity shall be entitled to contest the terms of any of the proposed Settlements.  All persons and entities who fail to file an objection as provided above shall be deemed to have waived any such objections by appeal, collateral attack or otherwise. Persons or entities who have filed an objection and wish to be heard at the Fairness Hearing may appear either in person or through your own attorney.  Such persons or entities may file a notice with the Court of intent to appear, and may also submit a statement of the reasons for the objection.  Persons or entities who file an objection do not need to appear in order to have their objections considered.

14. All briefs and materials in support of the final approval of the Settlements and the entry of final judgment proposed by the parties to the Settlements shall be filed with the Court by July 20, 2018 (21 days after the expiration of the deadline for Class Members to object to the Settlements and/or attorneys' fees, expenses and incentive awards).

15. All briefs and materials in support of the application for an award of attorneys' fees, reimbursement of expenses, and incentive awards for the Class Representatives shall be filed with the Court by June 11, 2018 (21 days prior to the expiration of the deadline for Class Members to object to the Settlements and/or attorneys' fees, expenses and incentive awards).

16. Pending final approval of the Settlements and the entry of final judgment, any and all proceedings in this Action (other than those incident to the settlement process) are stayed.

17. In the event that one or more of the Settlements does not become final, then litigation of the Action with respect to any Defendant whose Settlement does not become final will resume in a reasonable manner to be approved by the Court upon joint application by the parties hereto (or application by one party if a joint application is not forthcoming) as provided for in the Settlement Agreements.

18. In the event that one or more of the Settlements is terminated in accordance with the Settlement Agreements, the terminated Settlements and all related proceedings shall, except as expressly provided to the contrary in the Settlement Agreements, become null and void, shall have no further force and effect, and Plaintiffs shall retain full rights to assert any and all causes of action against the Defendant whose Settlement is terminated and any released party affiliated with that Defendant, and the Defendant whose Settlement is terminated shall retain any and all defenses and counterclaims thereto.  The Action with respect to the Defendant whose Settlement is terminated shall hereupon revert forthwith to its respective procedural and substantive status prior to the date of execution of the Settlement Agreements and shall proceed as if the Settlement Agreements and all other papers had not been executed by Plaintiffs and the Defendant whose Settlement was terminated.

17. Neither this Order nor any of the Settlement Agreements nor any other Settlement-related document nor anything contained herein or therein or contemplated hereby or thereby nor any proceedings undertaken in accordance with the terms set forth in any of the Settlement Agreements or herein or in any other Settlement-related document, shall constitute, be construed as or be deemed to be evidence of or an admission or concession by any Defendant as to the validity of any claim that has been or could have been asserted against any Defendant or as to any liability by any Defendant as to any matter set forth in this Order.

**IT IS SO ORDERED.**

Dated:  May 3, 2018

_____
WILLIAM H. ORRICK
United States District Judge