**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re LIDODERM ANTITRUST LITIGATION | Master File No. 14-md-02521-WHO<br><br>MDL No. 2521 |
| THIS DOCUMENT RELATES TO:<br>END-PAYOR ACTIONS | **ORDER GRANTING LEAVE TO CONDUCT LIMITED DISCOVERY OF OBJECTOR PAMELA SWEENEY ON EXPEDITED BASIS [AS MODIFIED]** |

On August 29, 2018, the Court received an objection from purported class member Pamela Sweeney. ECF 1035. EPPs moved on September 5, 2018 for leave to conduct limited discovery of Mrs. Sweeney on an expedited basis, including taking her deposition and requesting the production of a limited number of documents. EPPs filed a proposed deposition and document subpoena concurrently with their motion ("the Subpoena"). EPPs represented that the Defendants in this action do not take a position on the motion.

A fairness hearing on End-Payor Plaintiffs' ("EPPs") motion for final approval and motion for attorneys' fees and expenses was held on September 12, 2018. Ms. Sweeney did not appear at that hearing.

The Court has considered the motion, the record, and the arguments and authorities of counsel. Good cause appearing, the Court hereby Grants EPPs' motion and orders as follows:

1. The Court finds the requested discovery to be relevant, reasonable, and proportional under Federal Rule of Civil Procedure 26. As EPPs have offered to take Mrs. Sweeney's deposition in her home District (the Western District of Wisconsin), the Court also

finds the potential hardship to Mrs. Sweeney to be minimal and outweighed by the needs of this case.

2. Mrs. Sweeney is ordered to comply with the Subpoena in all respects. The parties may negotiate alternative dates for the deposition so long as the deposition and production of documents occur as soon as reasonably practicable and in no event later than September 28, 2018.

3. If Ms. Sweeney retains counsel prior to the deposition, she shall so notify the parties and the Court in advance of the deposition, and counsel shall enter an appearance in this case and move for admission *pro hac vice* if needed. Failure to comply with this provision shall not be reason to delay the deposition or the production of documents.

4. During the deposition, Ms. Sweeney may place objections as to form and relevance on the record but such objections shall not be reason to refuse to answer questions.

5. If Ms. Sweeney believes that a document is protected by a confidentiality or other nondisclosure agreement (a "Protected Document"), such protection shall not be a basis to refuse production. Instead, Ms. Sweeney is ordered to contact all necessary parties no later than three days before production to inform them that the document is being produced in discovery pursuant to Court order. Upon production to plaintiffs, Protected Documents automatically bear the designation of "Confidential" pursuant to Section 2.2 of this Court's Stipulated Protective Order dated May 8, 2014 (ECF 59) and may be sealed or unsealed in the ordinary course if produced to the Court.

6. If Ms. Sweeney believes that information elicited at her deposition is protected by a confidentiality or other non-disclosure agreement ("Protected Information"), such protection shall not be a basis to refuse to answer. Instead, Ms. Sweeney shall respond fully and designate the Protected Information as "Confidential" pursuant to Section 2.2 of the Protective Order. Thereafter, Ms. Sweeney shall notify any necessary parties of the disclosure no later than 3 business days following the deposition. Protected Information may be sealed or unsealed in the ordinary course if produced to the Court.

7. The Court retains exclusive jurisdiction over this litigation and the parties to this litigation, including objectors, for all matters relating to this litigation, the settlements, including all matters relating to this Order. Any motion to quash the Subpoena or motion for reconsideration of this Order shall be filed in this Court and no other.

**IT IS SO ORDERED.**

DATED: September 13, 2018

THE HONORABLE WILLIAM H. ORRICK
United States District Court Judge